NO. 4-06-0462     Filed 4/9/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|      Plaintiff-Appellee, | ) | Circuit Court of |
|      v. | ) | Vermilion County |
| STEVEN R. BORST, | ) | No. 03CF642 |
|      Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Michael D. Clary, |
| | ) | Judge Presiding |

_____

JUSTICE McCULLOUGH delivered the opinion of the court:

In December 2003, the State charged defendant, Steven R. Borst, by information with attempt (aggravated criminal sexual assault) (720 ILCS 5/8-4(a), 12-14 (West 2002)), home invasion (720 ILCS 5/12-11(a)(2) (West 2002)), and residential burglary (720 ILCS 5/19-3 (West 2002)).  In March 2004, defendant entered a negotiated guilty plea.  He pleaded guilty to attempt (aggravated criminal sexual assault) and home invasion in exchange for concurrent 15-year sentences on both counts and the dismissal of the residential-burglary charge.  In May 2006, defendant filed a petition for postconviction relief asserting he was never informed he would be subject to a three-year period of mandatory supervised release (MSR).  The trial court denied the petition, and defendant appeals.  We affirm.

At the plea hearing, the trial court gave him the following admonishments:

"[TRIAL COURT]: Count [I], attempted aggravated criminal sexual assault, is a Class [I] [f]elony punishable by one to three years, I'm sorry, four to 15 years in the penitentiary. If there are aggravating factors present[,] could be 15 to 30 years. Two years['] [MSR]. Up to four years on probation. Up to $25,000 fine.

Count [II], home invasion, is a Class X [f]elony as charged. It's six to 30 years in the penitentiary. Could be 30 to 60 years if there are aggravating factors present. Three years['] [MSR]. Is not probationable. And up to $25,000 fine.

Count [III], residential burglary, is a Class 1 offense with penalty that I just read to you except it is not probationable.

Do you have any questions about the maximum possible penalties?

[DEFENDANT]: No, sir.

* * *

[TRIAL COURT]: I'm told that you want to enter into a plea agreement is that true?

[DEFENDANT]: Yes, sir.

[TRIAL COURT]: If I accept the plea agreement then there will be no trial and you would be giving up or waiving your right to require the [S]tate to prove what that says beyond a reasonable doubt.

Do you understand that?

[DEFENDANT]: Yes, sir.

[TRIAL COURT]: I'm told that you would plead guilty to attempted aggravated criminal sexual assault, a Class 1 [f]elony; and home invasion, a Class X [f]elony. Count [III] would be dismissed.

You would be sentenced to a period of 15 years in the Illinois Department of Corrections on each count. And you would serve those concurrently, meaning at the same time. And there would be a finding by the court of no bodily harm.

* * *

[TRIAL COURT]: All right. At this time[,] then you will be sentenced to 15 years in the Illinois Department of Corrections on [c]ount [I]; 15 years in the Illinois Department of Corrections on [c]ount

- 3 -

[II].

"Those will be served concurrently, at the same time.

You will be given credit for 98 days served on each count.

There will be finding of no great bodily harm told to the Department of Corrections."

(Emphases added.)

The trial court accepted defendant's plea and filed its sentencing judgment sentencing defendant to two concurrent 15-year prison sentences for attempt (aggravated criminal sexual assault) and home invasion, with credit for 98 days served. The sentencing judgment did not mention MSR. Defendant filed neither a motion to withdraw his guilty plea nor a direct appeal.

In May 2006, defendant filed a petition for postconviction relief. In the petition, defendant requested the enforcement of his plea agreement with the State by modifying his sentence to comply with the plea agreement. In the petition, defendant argued his "constitutional rights to due process and fundamental fairness [were] violated when he [pleaded] guilty in exchange for a specific sentence, but received a different, more onerous sentence than the one he agreed to."

Defendant argued in the petition that he was never informed by the State, his attorney, or the trial court during

- 4 -

the negotiations leading to the plea or during the plea hearing that he would be subject to a three-year period of MSR. According to defendant's petition, the addition of the MSR term breached the plea agreement and his due-process rights were violated because he received a harsher sentence than the one to which he agreed.  Defendant also argued the court failed to comply with Supreme Court Rule 402 (177 Ill. 2d R. 402) because the court failed to admonish him on the record that the MSR would be added to the two concurrent 15-year sentences to which defendant and the State had agreed.

Defendant asked the trial court to vacate his "unconstitutional sentence" and enter a new sentence of two concurrent 12-year prison terms followed by three years of MSR. That same month, the court denied defendant's petition, ruling the petition was frivolous and patently without merit because defendant was properly admonished about MSR.

Defendant appeals, arguing the trial court erred in dismissing his postconviction petition.  According to defendant's brief, "[w]here the plea agreement did not mention that [defendant] would be subject to a period of [MSR] following the completion of his agreed-upon prison sentence, the addition of the MSR term constituted an unfair breach of the agreement and violated due process."  Defendant requests specific performance of his plea agreement under the specific circumstances of this

case.  According to defendant's reply brief:

>"To that end, the [defendant's] argument is limited to the facts of this case where MSR was not included in the plea agreement and the trial court's general admonitions referred to MSR only in connection with an extended[-]term sentence which 'could' be imposed 'if' there were aggravating factors present. [Citation.]  If the prosecutor had seen fit to include MSR in the terms of the plea agreement, or if the court had stated that MSR would be added by operation of law to the sentence the petitioner had negotiated with the prosecutor, then the situation would be different.  However, the prosecutor failed to include MSR in the plea agreement and the court did not admonish the petitioner that MSR would be added to the sentence he had bargained for."

Defendant primarily relies on the Supreme Court of Illinois's recent decision in People v. Whitfield, 217 Ill. 2d 177, 840 N.E.2d 658 (2005).  The situation in the case at bar is similar to that in Whitfield with one important exception.  In Whitfield, the trial court did not make any mention of MSR to the

defendant before he entered his negotiated guilty plea for a specific term of years.  <u>Whitfield</u>, 217 Ill. 2d at 180-81, 840 N.E.2d at 661.  In the instant case, the trial court informed defendant of MSR.  While the court could have made its admonitions clearer, the court did make defendant aware of MSR.

If the trial court had failed to give defendant any admonitions concerning MSR, we would follow <u>Whitfield</u> even though we have concerns about the supreme court's opinion.  However, in our case, the court did admonish defendant about MSR.  We will not expand the holding in <u>Whitfield</u> to apply to situations like those in the instant case.  While the court's admonitions in this case were inartful, defendant's constitutional right to due process and fundamental fairness was not violated.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.  As part of our judgment, we grant the State its statutory assessment of $50 against defendant as costs of this appeal.

Affirmed.

STEIGMANN, P.J., and APPLETON, J., concur.