NO. 4-06-0422      Filed 4/13/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,     )   Appeal from
     Plaintiff-Appellee,                 )   Circuit Court of
     v.                                  )   Champaign County
WILLIAM O. HOLT,                          )   No. 03CF25
     Defendant-Appellant.                )
                                        )   Honorable
                                        )   Thomas J. Difanis,
                                        )   Judge Presiding.
_____

JUSTICE COOK delivered the opinion of the court:

Defendant, William O. Holt, pleaded guilty to burglary, and the trial court sentenced him as a Class X offender due to his prior record. The court sentenced Holt to 13 years' imprisonment and 3 years' mandatory supervised release (MSR). Holt did not file a direct appeal. In a petition for postconviction relief, Holt alleged that he only agreed to the 13-year sentence in the plea agreement and that the addition of the MSR term constituted an unfair breach of the plea agreement and violated his due-process rights. The trial court dismissed the postconviction petition at the first stage as frivolous and patently without merit. We affirm.

I. BACKGROUND

In compliance with Supreme Court Rule 402(a)(2) (177 Ill. 2d R. 402(a)), which requires the court to inform a defendant of the maximum and minimum sentences proscribed by law for

the crime charged, the following exchange took place at the guilty-plea proceedings:

> "THE COURT: Now this is a Class 2 felony. The normal penalty range is not less than three, nor more than seven years in prison.
>
> If you have two Class 2 or greater convictions since the amended criminal code went into effect in 1977, then this becomes a Class X offense, which calls for a mandatory minimum sentence of 6 years, with a maximum sentence fixed at 30 years. _If_ _you_ _are_ _sent_ _to_ _prison,_ _there_ _[is]_ _a_ _period_ _of_ _mandatory_ _supervised_ _release_ _of_ _one_-_three_ _years_. And the maximum fine could be up to $25,000.
>
> Do you understand those would be the maximum penalties for this offense?
>
> HOLT: Yes, sir." (Emphasis added.)

The trial court proceeded to admonish Holt that by pleading guilty he would waive certain constitutional rights. Then, as required by Rule 402(b) (177 Ill. 2d R. 402(b)), the court asked the State to explain the terms of the plea agreement in open court:

> "THE STATE: Your Honor, in exchange for

the [d]efendant's offer to plead guilty to the charge of burglary, the Class 2 felony, as set forth in count I, the State has agreed to <u>recommend</u> a commitment to the Illinois Department of Corrections for a period of 13 years, with the [d]efendant receiving credit for 247 days.

Additionally, the State will dismiss 2003-CF-1068 and 2003-CF-1942. ***

THE COURT: Mr. Holt, you heard what [the State's Attorney] said. Is that your agreement?

HOLT: Yes sir." (Emphasis added.)

The State's recitation of the plea agreement did not mention the MSR term. The trial court sentenced Holt to 13 years but the sentencing order made no reference to the 3-year MSR term. Holt did not file a direct appeal.

Holt filed a petition for postconviction relief, alleging that the State violated the terms of the plea agreement by adding a three-year MSR term to his sentence and requested the trial court to reduce his prison sentence by the length of his MSR term. Defendant categorized his plea agreement as fully negotiated. The trial court dismissed the petition, noting that Holt had been clearly admonished at hearing that there would be a

three-year MSR attached to any prison term under the Class X sentencing scheme. Accordingly, the trial court found Holt's postconviction petition to be "intentionally deceptive" as well as frivolous and without merit. This appeal followed.

## II. ANALYSIS

We review first-stage postconviction dismissals by determining whether the allegations contained in the petition are frivolous or patently without merit. 725 ILCS 5/122-2.1 (West 2004). A petition is frivolous or patently without merit if the allegations contained therein, taken as true and liberally construed in favor of the petitioner, fail to present the "gist" of a constitutional claim. People v. Edwards, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001). The "gist" standard is a low threshold; the petitioner need only set forth a limited amount of detail, need not set forth the claim in its entirety, and need not include citation to legal authority. Edwards, 197 Ill. 2d at 244, 757 N.E.2d at 445. The standard of review for the first-stage dismissal of a postconviction petition is de novo. People v. Collins, 202 Ill. 2d 59, 66, 782 N.E.2d 195, 198 (2002).

Holt cites People v. Whitfield, 217 Ill. 2d 177, 840 N.E.2d 658 (2005), as the sole authority in support of his argument that his due-process rights were violated. Holt argues that because he pleaded guilty for a specific sentence (i.e., 13 years), the addition of the MSR term resulted in a sentence "more

- 4 -

onerous than the one defendant agreed to at the time of the hearing." Whitfield, 217 Ill. 2d at 195, 840 N.E.2d at 669.

A defendant's due-process rights may be violated where the defendant did not receive the "benefit of the bargain" of his plea agreement with the State. Whitfield, 217 Ill. 2d at 186, 840 N.E.2d at 664. The defendant in Whitfield argued that the trial court was required under Rule 402 to admonish him on the record of the statutorily required MSR term. Whitfield, 217 Ill. 2d at 186, 840 N.E.2d at 664-65. The defendant argued that because the court failed to admonish the defendant of the statutorily required MSR term, the defendant's plea agreement included only the stated prison sentence and not the additional MSR term. Whitfield, 217 Ill. 2d at 186, 840 N.E.2d at 665. The court held that the defendant did not receive the benefit of the bargain because the addition of the MSR term resulted in a more onerous sentence than the one agreed to at the hearing. Whitfield, 217 Ill. 2d at 195, 840 N.E.2d at 669.

Whitfield is distinguishable from the instant case. In Whitfield, there was no mention of the MSR term during the entirety of the plea proceedings. The defendant was not aware of the consequences of his plea. See Whitfield, 217 Ill. 2d at 200-01, 840 N.E.2d at 672-73. Implicit in the Whitfield court's reasoning is that had the defendant been aware of the MSR term that the court was statutorily required to attach to his prison

- 5 -

sentence, then the defendant's due-process rights would not have been violated. See <u>Whitfield</u>, 217 Ill. 2d at 200-01, 840 N.E.2d at 672-73. Here, the trial court admonished Holt of the following: "if you are sent to prison, there [is] a period of mandatory supervised release of one-three years." Holt stated that he understood this. Accordingly, Holt was aware that any prison sentence would carry with it a three-year MSR term. Holt received the benefit of his bargain with the State.

Holt argues that it was not enough for the trial court to admonish him of the statutorily required MSR term and that the State should have explicitly mentioned the MSR term when it recited the plea agreement in open court. Holt cites Justice Thomas's specially concurring opinion, which states that the purpose of the open-court statement and personal confirmation of the terms of the plea agreement is to reduce what is typically an oral understanding to a matter of record. <u>Whitfield</u>, 217 Ill. 2d at 209, 840 N.E.2d at 677 (Thomas, C.J., specially concurring). Justice Thomas states that "[t]his is analogous to a contract setting where the parties' oral negotiations are reduced to a written contract, with all previous understandings merging into the written contract." <u>Whitfield</u>, 217 Ill. 2d at 209, 840 N.E.2d at 677 (Thomas, C.J., specially concurring).

We first note that concurring opinions, while persuasive, are not binding authority. <u>People v. Patterson</u>, 276 Ill.

App. 3d 107, 108, 658 N.E.2d 505, 506 (1995). More important, we do not read Justice Thomas's statements to mean that Rule 402(b), which states that plea agreements must be read in open court, now requires strict compliance. Other courts have held that only substantial compliance with Rule 402(b) is required. People v. Mehmedoski, 207 Ill. App. 3d 275, 280, 565 N.E.2d 735, 739 (1990). Here, the record indicates that Holt was aware that the three-year MSR term would be attached to any prison sentence. The State's failure to restate this requirement during its recitation of the plea agreement did not violate Holt's due-process rights.

We note that Whitfield may also be distinguishable on another ground. Whitfield specifically distinguished itself from situations where, as here, the State agrees to recommend a certain sentence. Whitfield, 217 Ill. 2d at 191, 840 N.E.2d at 667, citing People v. McCoy, 74 Ill. 2d 398, 403, 385 N.E.2d 696, 699 (1979). Where the State only promises to recommend a sentence and the total sentence imposed, including subsequent parole periods, is substantially less than the maximum sentence authorized by law, the court's failure to admonish defendant of the subsequent parole period is not of a "constitutional dimension." Whitfield, 217 Ill. 2d at 191, 840 N.E.2d at 667. Also, where the State only promises to recommend a certain sentence, the defendant does receive the benefit of the bargain he made with

the State.  <u>Whitfield</u>, 217 Ill. 2d at 191, 840 N.E.2d at 667. Here, though defendant categorized his plea agreement as "fully negotiated" and ratified by the trial court, we note that the State categorized Holt's plea as "open."  Indeed, the State did only agree to "recommend" a sentence of 13 years' imprisonment. Moreover, applying the <u>McCoy</u> factors, Holt's 13-year sentence plus 3-year MSR term was substantially less than the 30-year maximum sentence authorized by law, and, unlike both <u>McCoy</u> and <u>Whitfield</u>, the trial court did in fact admonish Holt as to the MSR.

We find Holt's petition to be frivolous and patently without merit.

III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.  As part of our judgment, we grant the State its statutory assessment of $50 against Holt as costs of this appeal.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.