NOTICE

Decision filed 07/25/07. The text of
this decision may be changed or
corrected prior to the filing of a
Petition for Rehearing or the
disposition of the same.

NO. 5-06-0327

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 02-CF-394 |
| | ) | |
| DERRIS COMPANY, | ) | Honorable |
| | ) | John Baricevic, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE STEWART delivered the opinion of the court:

On January 23, 2006, pursuant to a fully negotiated plea, the defendant pled guilty to a home invasion charge (720 ILCS 5/12-11(a)(1) (West 2002)) in exchange for the dismissal of a first-degree murder charge (720 ILCS 5/9-1(a)(1) (West 2002)). The State and the defendant jointly recommended a sentence of 15 years' incarceration in the Illinois Department of Corrections. The court dismissed the murder charge, entered a judgment on the defendant's plea to home invasion, sentenced him to 15 years in the Illinois Department of Corrections with credit for the time he had already served in the St. Clair County jail, assessed court costs, and required him to submit to DNA testing. In the written judgment entered on the day of the defendant's guilty plea, the trial court made no reference to a term of mandatory supervised release (MSR).

The defendant filed a *pro se* motion to withdraw his guilty plea and to vacate his sentence, which was mailed from prison on February 9, 2006, and filed of record on March 3, 2006. The defendant also filed a motion for the appointment of counsel, which was granted on April 24, 2006. On May 12, 2006, the State filed a motion to dismiss the

1

defendant's motion to withdraw his guilty plea, alleging that it was untimely, in that it was filed more than 30 days after the entry of the judgment. On June 6, 2006, defense counsel filed a supplemental motion to withdraw the defendant's guilty plea "or in the alternative to modify or reduce the sentence imposed." In the motion, the defendant alleged that he did not "fully understand or comprehend the admonishments of the court pursuant to Illinois Supreme Court Rule 402 at the time of the entry of the plea of guilty." The defendant did not specifically allege that the court had failed to advise him that he would be required to serve a three-year MSR term at the conclusion of his prison term.

On June 13, 2006, the court denied the State's motion to dismiss and the defendant's motions. The court found that the defendant's certificate of service stating that the motion was mailed from prison within 30 days of the entry of judgment was sufficient to show that the motion was timely filed. The court proceeded to the merits of the defendant's motion and found, among other things, that the defendant had been properly admonished at the time of his guilty plea. The defendant filed a timely notice of appeal. We reverse and remand.

The defendant's sole argument on appeal is that, pursuant to *People v. Whitfield*, 217 Ill. 2d 177, 840 N.E.2d 658 (2005), the trial court's failure to admonish him that a 3-year MSR term attaches to his fully negotiated 15-year prison sentence requires that his sentence be reduced to 12 years, followed by 3 years of MSR, in order to comply with the plea agreement. The State argues that the defendant waived this argument because he failed to raise it in his motion to withdraw his guilty plea.

Although the defendant did raise a general improper-admonishment claim by alleging that he did not "fully understand or comprehend" the court's admonishments when he entered his guilty plea, he did not specifically allege or argue in the trial court that the court failed to adequately advise him of the MSR term that attached to his sentence. "Generally, under Illinois Supreme Court Rule 604(d) [(145 Ill. 2d R. 604(d))], any issue not raised by the

2

defendant in his motion to withdraw the plea of guilty shall be deemed waived upon appeal." *People v. Davis*, 145 Ill. 2d 240, 250, 582 N.E.2d 714, 719 (1991) (citing *People v. Tannenbaum*, 82 Ill. 2d 177, 415 N.E.2d 1027 (1980)). The failure to give the defendant the admonishments required by Illinois Supreme Court Rule 402 (177 Ill. 2d R. 402), however, has been determined to be "plain error," an exception to the waiver rule. *People v. Davis*, 145 Ill. 2d 240, 250, 582 N.E.2d 714, 719 (1991). This court has held that "because of the substantial constitutional rights at stake," the plain error doctrine should be applied to a defendant's claim that he was not properly admonished of the minimum and maximum sentences prescribed for his offense as required by Illinois Supreme Court Rule 402(a)(2) (177 Ill. 2d R. 402(a)(2)). *People v. Blankley*, 319 Ill. App. 3d 996, 1007, 747 N.E.2d 16, 24-25 (2001). Accordingly, we apply the plain error doctrine to the defendant's claim that he was not properly advised of the MSR term that attaches to his sentence, and we proceed to the merits of this appeal.

A plea bargain deprives a defendant of liberty and other constitutionally protected interests; therefore, a defendant who demonstrates that he entered his guilty plea in reliance on such a plea bargain may have a due process right to enforce the terms of the agreement. *Whitfield*, 217 Ill. 2d at 189, 840 N.E.2d at 666. In *Whitfield*, the defendant pled guilty pursuant to a negotiated plea agreement, which provided a specific sentence of 25 years in the Illinois Department of Corrections. *Whitfield*, 217 Ill. 2d at 190, 840 N.E.2d at 667. The trial court ratified the agreement and failed to admonish the defendant that an MSR term would be added to the negotiated 25-year sentence. *Whitfield*, 217 Ill. 2d at 190, 840 N.E.2d at 667. Additionally, in the written order of sentence and commitment, the trial court made no reference to the three-year MSR term. *Whitfield*, 217 Ill. 2d at 180 n.1, 840 N.E.2d at 661 n.1. The supreme court held that, under these circumstances, "adding the statutorily required three-year MSR term to defendant's negotiated 25-year sentence amounts to a unilateral

3

modification and breach of the plea agreement by the State, inconsistent with constitutional concerns of fundamental fairness." *Whitfield*, 217 Ill. 2d at 190, 840 N.E.2d at 667. The court went on to state:

> "[T]here is no substantial compliance with Rule 402 and due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a mandatory supervised release term will be added to that sentence. In these circumstances, addition of the MSR term to the agreed-upon sentence violates due process because the sentence imposed is more onerous than the one defendant agreed to at the time of the plea hearing. Under these circumstances, the addition of the MSR constitutes an unfair breach of the plea agreement." *Whitfield*, 217 Ill. 2d at 195, 840 N.E.2d at 669.

A defendant's guilty plea must be made with full knowledge of the consequences, and this must be evident from the record. *Whitfield*, 217 Ill. 2d at 200, 840 N.E.2d at 672. General knowledge of MSR terms resulting from a defendant's criminal history or evidence that MSR was discussed during plea negotiations is insufficient to establish what a "defendant reasonably understood the terms of his plea agreement to be at the time he pled guilty." *Whitfield*, 217 Ill. 2d at 200, 840 N.E.2d at 672. Where no evidence exists in the record that affirmatively shows that the defendant knew he would be subject to an MSR term, the court must accept the defendant's allegations that he was unaware. *Whitfield*, 217 Ill. 2d at 200, 840 N.E.2d at 672. When a defendant is not advised that the sentence he bargained for would include an MSR term, he does not need to establish a reasonable probability that, but for the lack of specific admonishment, he would not have pled guilty. *Whitfield*, 217 Ill. 2d at 201, 840 N.E.2d at 673. The promise of a specific sentence induces the guilty plea, and when the defendant does not receive the sentence for which he bargained, his constitutional right to due process and fundamental fairness has been violated. *Whitfield*,

4

217 Ill. 2d at 201-02, 840 N.E.2d at 673.

The facts in this case are similar to those in *Whitfield*. The defendant entered into a fully negotiated plea agreement whereby he was to receive a specific sentence of 15 years' incarceration in the Illinois Department of Corrections. The court ratified this agreement and failed to admonish the defendant, prior to accepting his plea, that an MSR term would be added to that sentence, and it did not include an MSR term in the written sentencing judgment.

While *Whitfield* involved no MSR admonishment, in this case the trial court did mention mandatory supervised release. Arguably, however, the defendant in this case has a stronger argument than the defendant in *Whitfield*. Here, the trial court admonished the defendant that he would be subject to a term of MSR *if convicted at a trial* but that, under the plea agreement, *instead of* the possible sentences available upon conviction, he would receive the agreed sentence of 15 years, with no mention of MSR. At the guilty plea hearing, the trial court gave the defendant the following admonishments:

"THE COURT: As Mr. Roustio indicated, Mr. Company, *if you were convicted at trial of the Murder*, I could have sentenced you to a determinate period of time in the Illinois [D]epartment of [C]orrections between 20 and 60 years, and you would have to do 100 percent of that sentence. *If convicted on the Home Invasion*, I could sentence you to a determinate period of time in the Illinois [D]epartment of [C]orrections between 6 and 30 years. You would have to do 85 percent of that sentence. It is not probationable. Probation is not an option, and at the conclusion of *that* sentence you either–either–the sentence on either count, you would do two years of mandatory supervised release, and on each one I could fine you $25,000. There's a possibility, Mr. Company, that I could sentence you consecutively so that theoretically you could do as many as 90 years in prison. Do you have any questions

5

about the punishments that you could have faced?

THE DEFENDANT: No, Sir.

* * *

THE COURT: You heard the plea negotiations, Mr. Company. *Instead of* the maximum of 90 that you'd face and more practically the sentence range as explained to you by Mr. Roustio, *you are agreeing on a sentence of 15 years*. Other than that promise as to what your punishment will be, has anybody made any other promises or threatened you to get you to plead guilty?

THE DEFENDANT: No, sir.

* * *

THE COURT: In which case then, Mr. Company, I will dismiss the murder case against you, enter judgment on your plea to the Home Invasion, sentence you to 15 years in the Illinois [D]epartment of [C]orrections, to give you credit for the time that you've already served in the St. Clair County Jail, assess court costs, require DNA." (Emphasis added.)

The defendant bears the burden of establishing that, when judged by objective standards, the circumstances surrounding the plea justify his mistaken impression that his sentence did not include an MSR term. *People v. Jarrett*, 372 Ill. App. 3d 344, 352, 867 N.E.2d 1173, 1180 (2007). In the present case, the defendant entered a fully negotiated plea, and in the written sentencing judgment, the trial court did not include the MSR term. In addition, when the trial court orally announced the defendant's sentence, it specifically mentioned the 15 years' incarceration, court costs, and DNA requirements but did not mention an MSR term. In admonishing the defendant about the sentencing ranges if he were to be found guilty at a trial, the trial court stated that at the conclusion of *that* sentence, an MSR term would apply. Furthermore, the trial court stated that *instead of* the possible

6

sentences available upon a conviction at a trial, the defendant was agreeing to a sentence of 15 years. The MSR term about which the trial court admonished the defendant was incorrect and was one year less than the one to which he was actually subject. The trial court stated that a two-year MSR term applied to the sentence the trial court could impose if the defendant were to be convicted at a trial, but the court did not admonish the defendant about any MSR term that applied to his guilty plea.

Based on the trial court's statements, the defendant could reasonably understand that an MSR term applied only if he were to be found guilty at a trial. Nothing in the record shows that the defendant knew he would be subject to an MSR term as a result of his guilty plea. The fact that the trial court mentioned MSR in connection with the defendant's possible sentence if he were to be found guilty at a trial does not establish that the defendant was aware that an MSR term applied to his plea. Judged by objective standards, the defendant's impression that his plea did not include an MSR term was justified. As a result, the defendant did not get the sentence for which he bargained, and his constitutional right to due process and fundamental fairness was violated.

In *People v. Holt*, 372 Ill. App. 3d 650, 867 N.E.2d 1192 (2007), the court analyzed admonishment language in a situation where the State had agreed to recommend a certain sentence. In that case, the trial court admonished the defendant that if he were to be sent to prison, there would be an MSR period of one to three years. *Holt*, 372 Ill. App. 3d at 651, 867 N.E.2d at 1193. The court found that this admonishment advised the defendant the MSR term would attach to *any* prison term, so the failure to restate the requirement during the recitation of the plea agreement did not violate his due process rights. *Holt*, 372 Ill. App. 3d at 653, 867 N.E.2d at 1195. The admonishment in *Holt* differs from the admonishment in the present case. In *Holt*, the trial court stated that the MSR term applied if the defendant were to be sent to prison, while in this case, the trial court referred to the MSR term only in

7

connection with the prison term that could be imposed if the defendant were to be found guilty at a trial.

In *People v. Borst*, 372 Ill. App. 3d 331, 867 N.E.2d 1181 (2007), the defendant entered a negotiated plea whereby he pled guilty to attempted aggravated criminal sexual assault and home invasion in exchange for concurrent 15-year sentences and the dismissal of a residential burglary charge. At the guilty plea hearing, the trial court admonished him about the maximum possible sentences. *Borst*, 372 Ill. App. 3d at 332-33, 867 N.E.2d at 1183. In doing so, the court mentioned the MSR terms each offense carried. *Borst*, 372 Ill. App. 3d at 332, 867 N.E.2d at 1183. The trial court made no mention of MSR in the sentencing judgment. *Borst*, 372 Ill. App. 3d at 333, 867 N.E.2d at 1183. The court held that *Whitfield* did not apply because, although the trial court could have made its admonishments clearer, it did inform the defendant of the MSR term that applied to his sentence and that, thus, his constitutional right to due process and fundamental fairness had not been violated. *Borst*, 372 Ill. App. 3d at 334, 867 N.E.2d at 1184. The trial court's admonishment in *Borst* related MSR to the defendant's crime. In the present case, however, the admonishment linked MSR to the defendant's possible sentence if he were to be found guilty at a trial and not to a sentence for his crime in general or to the sentence that was being imposed as a result of his guilty plea.

We find that the defendant did not enter his plea with full knowledge of the consequences. Prior to accepting his plea, the trial court did not advise the defendant that an MSR term would attach to his negotiated sentence. Instead, the trial court only indicated that a *two*-year MSR term would attach to his prison sentence if he were to be found guilty at a trial. In addition, in its written judgment, the trial court made no reference to an MSR term. At some later date, the defendant discovered that a *3*-year MSR term would attach to his negotiated 15-year sentence. This unilateral modification of the plea agreement denies

8

the defendant the benefit of the sentence for which he bargained and violates his constitutional right to due process and fundamental fairness.

When a defendant's constitutional rights have been violated as a result of improper admonishments regarding the addition of an MSR term to his fully negotiated sentence, there are two possible remedies: the promise must be fulfilled or the defendant must be allowed to withdraw his plea. *Whitfield*, 217 Ill. 2d at 202, 840 N.E.2d at 673. As in *Whitfield*, the defendant in the present case requests that this court enforce the negotiated plea agreement as he understood it. We conclude that this is the appropriate remedy.

Accordingly, we reverse the judgment of the circuit court of St. Clair County and remand with directions that the circuit court modify the defendant's sentence to a term of 12 years' imprisonment, to be followed by the 3-year MSR term.

Reversed; cause remanded with directions.

SPOMER and WEXSTTEN, JJ., concur.

NO. 5-06-0327

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 02-CF-394 |
| | ) | |
| DERRIS COMPANY, | ) | Honorable |
| | ) | John Baricevic, |
| Defendant-Appellant. | ) | Judge, presiding. |

**Opinion Filed**: July 25, 2007

**Justices**:  Honorable Bruce D. Stewart, J.,

Honorable Stephen L. Spomer, J.,
Honorable James M. Wexstten, J.,
Concur

**Attorneys for Appellant**  Daniel M. Kirwan, Deputy Defender, Larry R. Wells, Assistant Defender, Office of the State Appellate Defender, Fifth Judicial District, 117 North Tenth Street, Suite 300, Mt. Vernon, IL 62864

**Attorneys for Appellee**  Hon. Robert Haida, St. Clair County State's Attorney, 10 Public Square, Belleville, IL 62220; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Patrick D. Daly, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 East Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864