NO. 4-07-0395          Filed 5/1/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Livingston County |
| JESSE G. HOLBOROW, | ) | No. 04CF141 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Harold J. Frobish, |
| | ) | Judge Presiding. |

_____

JUSTICE MYERSCOUGH delivered the opinion of the court:

In January 2005, defendant, Jesse G. Holborow, entered into a negotiated plea to home invasion with great bodily harm to the victim (720 ILCS 5/12-11(a)(2) (West 2004)) (count I), theft (subsequent offense) (720 ILCS 5/16-1(a)(1), (a)(2) (West 2004)) (count VI), and criminal trespass to a vehicle (720 ILCS 5/21-2 (West 2004)) (count VII). In exchange for the plea, the State dismissed four other charges and the trial court sentenced defendant to concurrent sentences of 16 years in the Department of Corrections (DOC) for home invasion, 3 years for theft, and 364 days for criminal trespass to a vehicle. Defendant filed a motion to reduce sentence, which the court denied. He did not file a direct appeal.

In April 2007, defendant filed a pro se postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-8 (West 2006)), wherein he alleged violation of the terms of his plea agreement because he had not been admonished that he would be required to serve a three-year term

of mandatory supervised release (MSR) upon his release from prison. Several days later, the court summarily dismissed the postconviction petition as frivolous and patently without merit. Defendant appeals. We affirm.

## I. BACKGROUND

In July 2004, defendant was charged by information with seven crimes. Count I charged defendant with the Class X felony of home invasion in that defendant "knowingly and without author- ity entered the dwelling place of another, [Bernard H.], *** having reason to know [Bernard H.] to be present within that dwelling, and intentionally caused injury to [Bernard H.] by beating [Bernard H.] about the head and body[] within said dwelling place" (720 ILCS 5/12-11(a)(2) (West 2004)). Count II charged defendant with the Class 2 felony of aggravated battery of a senior citizen in that defendant "knowingly caused great bodily harm to [Bernard H.], an individual sixty (60) years of age or older[,] being seventy (70) years of age, in that said defendant knowingly beat [Bernard H.] about the head and body, causing swelling of the brain and other injuries" (720 ILCS 5/12-4.6(a) (West 2004)). Count III charged defendant with the Class 3 felony of aggravated battery in that he "knowingly caused great bodily harm to [Bernard H.], in that said defendant knowingly beat [Bernard H.] about the head and body, causing swelling of the brain and other injuries" (720 ILCS 5/12-4(a) (West 2004)). Count IV charged defendant with the Class 3 felony of aggravated battery in that defendant "knowingly caused bodily harm to

[Bernard H.], an individual sixty (60) years of age or older[,] being seventy (70) years of age, by beating [Bernard H.] about the head and body" (720 ILCS 5/12-4(b)(10) (West 2004)). Count V charged defendant with the Class 3 felony of aggravated battery in that defendant "used a deadly weapon, in that said defendant knowingly caused bodily harm to [Bernard H.] by stabbing [Bernard H.] with a knife" (720 ILCS 5/12-4(b)(1) (West 2004)). Count VI charged defendant with the Class 4 felony of theft (subsequent offense) in that defendant, "a person previously convicted of the offense of [b]urglary ***, knowingly exerted unauthorized control over certain property of [Bernard H.], being beer, intending to deprive [Bernard H.] permanently of the use of the property" (720 ILCS 5/16-1(a)(1), (a)(2) (West 2004)). Count VII charged defendant with the Class A misdemeanor of criminal trespass to a vehicle in that defendant "knowingly and without authority entered a vehicle of another, a 1986 Ford van of [Bernard H.]" (720 ILCS 5/21-2 (West 2004)).

In January 2005, the State and defendant entered into a written, fully negotiated plea of guilty to all charges. In exchange therefor, defendant was sentenced only on count I (home invasion with great bodily harm to the victim), count VI (theft-- subsequent offense), and count VII (criminal trespass to a vehicle) and sentenced to concurrent prison terms of 16 years on the home-invasion count (noting it would be served at 85% under truth in sentencing), 3 years on the theft count, and 364 days on the criminal-trespass-to-a-vehicle count. In addition to the DOC

- 3 -

sentences, defendant was ordered to pay a $200 deoxyribonucleic acid (DNA) fee and $5,643.59 restitution and to make himself available and provide truthful testimony in the case against a codefendant. Defendant waived his presentence investigation. Defendant's prior criminal record included burglary, two convictions for theft from a person, and criminal damage to property.

At the January 2005 plea hearing, the trial court went over the details of the written plea agreement with defendant in open court. Defendant indicated his intention to plead guilty. The trial court admonished defendant as to each charge against him, and defendant expressed his understanding of the charges. The court further admonished defendant as follows:

"THE COURT:

* * *

Now it is important that you understand with respect to [c]ount [I], the home invasion, that is a Class X felony. And the law says that if this were handled by other than a plea agreement, you could get anywhere from six to 30 years in prison, plus three years [of MSR]. You are not eligible for probation, periodic imprisonment[,] or conditional discharge. If you were found guilty, you would have to get a minimum six years, and you could get as much as 30. And with great bodily harm, you have to serve 85[%] of your

- 4 -

time.  So do you understand what the possibilities there are, if this were handled by other than a plea agreement?

THE DEFENDANT: Yes.

THE COURT: Okay.  Now, [c]ount [II], aggravated battery of a senior citizen *** is a Class 2 felony.  ***  That is the one where you are charged with knowingly causing great bodily harm to [Bernard H.], in that he was a senior citizen, an individual 60 years of age or older.  And he was 70 years of age.  Knowingly beating him about the head and body causing swelling and other injuries.  And you are eligible there for an extended term.  Since that is a Class 2, an extended term is seven to fourteen years.  So if this were handled by other than a plea agreement, the law provides you could get anywhere from three to 14 years in prison, plus two years [of MSR].  Other possibilities include probation or conditional discharge not to exceed four years, periodic imprisonment of 18 to 30 months.  And you could be fined up to $25,000.  So those are the possibilities there.

Do you have any questions about that,

- 5 -

Mr. Holborow?

THE DEFENDANT: No.

THE COURT: Now, [c]ount [III], [c]ount[s] [III], [IV], [c]ount [V] are aggravated-battery counts. Those are Class 3 felonies. You are eligible for an extended prison term of up to ten years there. So if this were handled by other than a plea agreement as to those three counts, you could get anywhere from two to ten years in prison, plus two years [of MSR]. Other possibilities include probation or conditional discharge not to exceed 30 months, periodic imprisonment not to exceed 18 months. And you could be fined up to $25,000 and ordered to make restitution.

Any questions about that?

THE DEFENDANT: No.

THE COURT: *** Count [VI] is a theft count as a subsequent offense. This is a Class 4 felony. And there, you could get prison of anywhere from one to three years, plus one year of [MSR]. Other possibilities include probation or conditional discharge not to exceed 30 months, periodic imprisonment not to exceed 18 months. You could be

fined up to $25,000 and ordered to pay restitution.  So those are the possibilities there.

Any questions about that?

THE DEFENDANT: No.

THE COURT: And [c]ount [VII] is criminal trespass to a vehicle.  That is a Class A misdemeanor for which you could get jail of up to a year.

Now, once again, you are going to plead guilty, as I understand it, to all seven counts.  You are going to get a conviction on [c]ount [I], home invasion.  You are going to get the 16 years there.  You are going to get a conviction then also as to [c]ount [VI].  And there, you are going to get a three-year concurrent prison sentence.  That is a theft as a subsequent offense.  And then at [c]ount [VII], that is criminal trespass to a vehicle.  You are going to get 364 days there.  Now, that sentence in [c]ount[s] [VI and VII], that is going to be concurrent with your 16 years, so you are going to get 16 as a maximum.  And these other two periods of imprisonment are going to be served concurrently.  There is going to be a finding of

guilty of [c]ount[s] [II, III, IV, and V].

But there is going to be no conviction there.

THE DEFENDANT: So everything is run concurrent with the case I am in on now?

THE COURT: You are going to get three convictions. Home invasion. You are not going to get a conviction on the other aggravated[-]battery counts because it is the same conduct. You can only be convicted once for the same act. So the act that has the conviction is the home[-]invasion count. You are going to get sentenced on that one to 16 years. You are going to be found guilty of [c]ounts of [II, III, IV, and V]. And then you are going to get a second conviction for theft and a third conviction for criminal trespass to [a] vehicle. And the jail sentence in [c]ounts [VI and VII], the theft and criminal trespass are going to run concurrently to the 16 years.

THE DEFENDANT: [Nods affirmatively.]

THE COURT: Any questions.

THE DEFENDANT: No." (Emphasis added.)

The trial court then admonished defendant regarding the rights he was waiving by pleading guilty. The court questioned defendant about any coercion or additional promises, to which

- 8 -

defendant responded in the negative, whether defendant had had adequate opportunity to discuss the decision to plead guilty with his attorney, to which defendant responded in the affirmative, and whether he needed any additional time to think about his decision, to which defendant responded in the negative.  Defendant persisted in his desire to plead guilty.

The trial court went through the details of each count, including the fact that on some counts defendant was eligible for extended-term sentencing.  As to each count, defendant indicated his plea of guilty.  The State presented the following factual basis for the plea:

"Your Honor, the evidence would show, had the case gone to trial, that on the night of Sunday, Monday, June 27-28, 2004, in the City of Fairbury, in Livingston County, there was a gentleman by the name of [Bernard H.], who was born in 1934, who was at his home at [address].  The defendant and those with whom he acted in concert that night, Nathon Hogan, who has already pled guilty to this offense[,] and a Robert Collett.  Some or all of them had been to [Bernard H.'s] home prior, but on one occasion that night they entered the home without authority, ostensibly, to get beer.  They wanted beer.  Ultimately, they got beer.  Taking that from the

home, taking [Bernard H.'s] beer and departing with it and [Bernard H.‹s] van without his permission. It was parked outside. And when the three men left, including the defendant, they left with the beer in the van.

In between, while in the home, they beat and kicked [Bernard H.] using, among other things, a pool cue, which one or more of them broke over his head and body, a guitar, the body of which, acoustic[-]type guitar, I believe, that they broke over his head and body. Beat him with a cast fire extinguisher about the head and body. And one or more of them stabbed him with a kitchen knife that was there in the residence.

[Bernard H.], as a result of these injuries, spent an extended stay in the hospital in Peoria and ultimately could not return to his home, and never has. [Bernard H.] has been left to spend the rest of his days in an extended[-]care facility, a nursing[-]home[-]type facility. Before this event, he could get out and about, didn't stay in a wheelchair, was able to communicate effectively orally and able to listen to things and understand things when people would speak to

him.  The injuries in this event[,] the dam-
age to the brain left him having great diffi-
culty, if able to comprehend at all, when
people speak to him, with enormous memory
deficits[,] and quite simply no ability to
take care of himself any longer.  This all
relating to the injuries to the brain.  The
injuries to the limbs, extremities, in con-
trast, while serious, were minor in terms of
their long[-]term effect on [Bernard H.].

Those are the facts of the case, Your Honor."

The court inquired of defendant if he had heard the factual basis
for the plea, to which defendant answered in the affirmative.
The court then inquired of defendant whether he had any disagree-
ment with the factual basis, to which defendant answered in the
negative.  The court found, based on the factual presentation
made, that the statutory requirements had been met for a finding
of great bodily harm to the victim.  The court found that defen-
dant understood the nature of the charges, the possible penal-
ties, and the rights that he was waiving.  The court further
found that the pleas of guilty were made voluntarily and that
there was a factual basis for the pleas.  At sentencing, the
court did not mention MSR.  The court accepted the pleas and
entered the following judgment and sentence:

"***  A judgment of conviction is entered as
to [c]ount [I], home invasion, a Class X

felony. In accord with the plea agreement, the defendant is sentenced to a term of 16 years in [DOC]. He is given credit for the 200 days served to date. There is also a conviction under [c]ount [VI], theft as a subsequent offense, a Class 4 felony. The defendant is sentenced to a term of three years in [DOC] to run concurrently with [c]ount [I]. There is a conviction entered as to [c]ount [VII], criminal trespass to [a] vehicle. And he is sentenced to 364 days there to run concurrently. A finding of guilty is made as to [c]ounts [II, III, IV, and V]. The court costs, restitution, are all due within 12 months of release from [DOC].

* * *

The court specifically finds based on the factual presentation made that the statutory requirements are met for a finding of great bodily harm to the victim here. And the court does specifically make that finding."

The written plea agreement and the sentencing judgment did not mention MSR.

In February 2005, defendant filed a pro se motion for

reduction of sentence. Therein he alleged that (1) his "rapies" received less time than he, (2) the Illinois State Police detective had guaranteed him a sentence of not more than 8 years at 50%, and (3) his lawyer had refused to try to get him a better plea bargain. In a March 2005 docket entry, the court ruled "the defendant's [m]otion is untimely and is denied for that and other reasons."

In April 2007, defendant filed a pro se postconviction petition. Therein he alleged that the State violated the terms of the plea agreement by adding a three-year period of MSR to his sentence, about which he had not been admonished and which resulted in a more onerous sentence than that to which he had agreed. He also challenged the constitutionality of the truth-in-sentencing statute. In his petition, defendant sought issuance of "a corrected mittimus sheet" or "one of the other remedies available." The trial court found that "[t]he transcript clearly indicates that the defendant was advised of what the possible sentences could be under the various counts, including the addition of a period of [MSR]." The court dismissed the postconviction petition as frivolous and patently without merit. This appeal followed.

## II. ANALYSIS

This appeal involves the first-stage dismissal of defendant's postconviction petition. The Act provides a remedy to criminal defendants whose state or federal constitutional rights were substantially violated by their convictions or

- 13 -

sentences.  People v. Coleman, 206 Ill. 2d 261, 277, 794 N.E.2d 275, 286 (2002).  A postconviction proceeding is not an appeal per se; rather, it is a collateral proceeding inquiring into constitutional issues that were not, and could not have been, previously adjudicated.  People v. Eddmonds, 143 Ill. 2d 501, 510, 578 N.E.2d 952, 955-56 (1991).

In the first stage of a postconviction proceeding not involving the death penalty, the trial court determines whether defendant's petition, standing alone, is frivolous and patently without merit.  People v. Gaultney, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996).  If the petition does not present "the gist of a constitutional claim," it will be dismissed.  Gaultney, 174 Ill. 2d at 418, 675 N.E.2d at 106.  In the instant case, the trial court dismissed the petition at the first stage.  Accordingly, we must determine only whether defendant's petition set forth the gist of a constitutional claim.  We review the trial court's summary dismissal of a defendant's petition de novo.  People v. Williams, 209 Ill. 2d 227, 234, 807 N.E.2d 448, 453 (2004).

On appeal, defendant argues that the trial court erred in dismissing his postconviction petition because his plea agreement did not include any mention of the requirement that he serve a three-year term of MSR following his release from DOC.  Therefore, defendant argues, the sentence he received was greater than that to which he agreed during his guilty-plea negotiations and hearing.  Defendant does not challenge the validity of the

plea and, accordingly, does not seek the withdrawal of his guilty plea. Instead, defendant seeks reversal of the trial court's judgment and remand with directions that his sentence be reduced to a term of 13 years in DOC followed by 3 years on MSR. The State maintains that defendant was admonished about MSR and that he is not entitled to reduction in his sentence simply because the trial court did not explicitly clarify that MSR would apply in addition to his negotiated prison terms.

Defendant cites People v. Whitfield, 217 Ill. 2d 177, 840 N.E.2d 658 (2005), and People v. Company, 376 Ill. App. 3d 846, 876 N.E.2d 1055 (2007), as authority to support his argument that the addition of the term of MSR constitutes an unfair breach of the plea agreement and violates his due-process rights.

In Whitfield, the defendant entered a fully negotiated guilty plea in exchange for concurrent 25-year and 6-year prison terms. Whitfield, 217 Ill. 2d at 179, 840 N.E.2d at 661. At no time during the plea proceedings did the prosecutor or the court advise the defendant that he would be subject to a three-year period of MSR following his release from prison. Whitfield, 217 Ill. 2d at 180, 840 N.E.2d at 661. The sentencing order did not reference the three-year MSR term required by law. Whitfield, 217 Ill. 2d at 180 n.1, 840 N.E.2d at 661 n.1. The defendant did not file a direct appeal. Whitfield, 217 Ill. 2d at 180, 840 N.E.2d at 661. Later, while serving his prison sentence, the defendant became aware that a 3-year term of MSR had been added to his 25-year sentence by operation of law. Whitfield, 217 Ill.

- 15 -

2d at 180, 840 N.E.2d at 661. The defendant filed a motion for relief from judgment that the court treated as a postconviction petition. The defendant contended that his fourteenth amendment (U.S. Const., amend. XIV) due-process rights were violated because he was never advised of the MSR that "had been added to his negotiated sentence and resulted in a 'more onerous' sentence than the one he had agreed to when he pled guilty." Whitfield, 217 Ill. 2d at 180, 840 N.E.2d at 661. The defendant did not request that his plea be withdrawn but sought to enforce the terms of the plea agreement by reducing his 25-year prison term by the length of the MSR term. Whitfield, 217 Ill. 2d at 180-81, 840 N.E.2d at 661. The trial court denied the petition and the appellate court affirmed. Whitfield, 217 Ill. 2d at 181-82, 840 N.E.2d at 662.

The Whitfield court stated that a defendant's due-process rights may be violated where the defendant did not receive the "benefit of the bargain" of his plea agreement with the State. Whitfield, 217 Ill. 2d at 186, 840 N.E.2d at 664. The defendant in Whitfield argued that the trial court was required under Rule 402 (177 Ill. 2d R. 402) to admonish him on the record of the statutorily required MSR term. Whitfield, 217 Ill. 2d at 186, 840 N.E.2d at 664-65. The defendant argued that because the court failed to admonish the defendant of the statutorily required MSR term, the defendant's plea agreement included only the prison sentence and not the additional MSR term. Whitfield, 217 Ill. 2d at 186, 840 N.E.2d at 665.

- 16 -

The Whitfield court concluded:

"[A]lthough substantial compliance with Rule 402 is sufficient to establish due process [citations], and an imperfect admonishment is not reversible error unless real justice has been denied or the defendant has been prejudiced by the inadequate admonishment [citation], there is no substantial compliance with Rule 402 and due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that [an MSR] term will be added to that sentence." Whitfield, 217 Ill. 2d at 195, 840 N.E.2d at 669.

The Whitfield court held that the petitioner established a substantial violation of his constitutional rights because he pleaded guilty in exchange for a specific sentence, and the addition of the MSR term resulted in a sentence "more onerous than the one defendant agreed to at the time of the plea hearing." Whitfield, 217 Ill. 2d at 195, 840 N.E.2d at 669.

However, this case is distinguishable from Whitfield in one significant respect. In Whitfield, the trial court did not mention MSR at all to the defendant before he entered into his negotiated guilty plea for a specific term of years. Whitfield,

- 17 -

217 Ill. 2d at 179-80, 840 N.E.2d at 661.  Here, during the guilty-plea hearing and prior to defendant's guilty plea, the trial court mentioned MSR on at least four occasions as the court admonished defendant regarding the potential penalties for each of the charged offenses.

Further, this court has previously addressed the admonishment issues presented in <u>Whitfield</u>, noting its unwillingness to expand <u>Whitfield</u>'s ruling to cases where MSR was mentioned in the admonishments prior to a plea.

In <u>People v. Borst</u>, 372 Ill. App. 3d 331, 867 N.E.2d 1181 (2007), the defendant entered into a negotiated guilty plea to attempt (aggravated criminal sexual assault) and home invasion in exchange for concurrent 15-year sentences and dismissal of a residential-burglary charge.  <u>Borst</u>, 372 Ill. App. 3d at 332, 867 N.E.2d at 1182.  At the plea hearing, the trial court gave the following admonishments:

> "'[TRIAL COURT]: Count [I], attempted aggravated criminal sexual assault, is a Class [1] [f]elony punishable by one to three years, I'm sorry, four to 15 years in the penitentiary.  If there are aggravating factors present[,] could be 15 to 30 years. <u>Two years[']</u> <u>[MSR]</u>.  Up to four years on probation.  Up to $25,000 fine.
>
> Count [II], home invasion, is a Class X [f]elony as charged.  It's six to 30 years in

the penitentiary.  Could be 30 to 60 years if there are aggravating factors present.  <u>Three years[']</u> <u>[MSR]</u>.  Is not probationable. And up to $25,000 fine.'"  (Emphases in original.) <u>Borst</u>, 372 Ill. App. 3d at 332, 867 N.E.2d at 1182.

When declaring the sentence, the court did not mention MSR again, and the sentencing judgment did not mention MSR.  <u>Borst</u>, 372 Ill. App. 3d at 333, 867 N.E.2d at 1183.  This court determined that, while the trial judge was not perfectly clear, he did mention terms of MSR while admonishing the defendant.  This court, therefore, refused to apply <u>Whitfield</u> to a situation in which MSR was mentioned.  <u>Borst</u>, 372 Ill. App. 3d at 334, 867 N.E.2d at 1184.

In <u>People v. Holt</u>, 372 Ill. App. 3d 650, 867 N.E.2d 1192 (2007), the defendant entered into an open guilty plea to burglary in exchange for the State recommending a DOC sentence of 13 years and dismissal of other charges.  <u>Holt</u>, 372 Ill. App. 3d at 650-51, 867 N.E.2d at 1193-94.  The trial court told the defendant that "'[i]f you are sent to prison, there [is] a period of [MSR] of one [to] three years.'"  (Emphasis omitted.)  <u>Holt</u>, 372 Ill. App. 3d at 651, 867 N.E.2d at 1193.  Defendant was sentenced to 13 years in DOC.  <u>Holt</u>, 372 Ill. App. 3d at 651, 867 N.E.2d at 1194.  Because the defendant was admonished about MSR, this court found that the defendant had received the benefit of his bargain with the State, and defendant's due-process rights

had not been violated.  Holt, 372 Ill. App. 3d at 653, 867 N.E.2d at 1195.

In People v. Jarrett, 372 Ill. App. 3d 344, 345, 867 N.E.2d 1173, 1174-75 (2007), the defendant entered into a partially negotiated plea of guilty to unlawful possession of a controlled substance with intent to deliver in exchange for the State dismissing other charges and offering a "'cap at 10 years.'"  Jarrett, 372 Ill. App. 3d at 345, 867 N.E.2d at 1175. The trial court admonished the defendant of the potential penalties absent a plea agreement and then stated, "'There's what's called [MSR], what we used to call parole, up to [three] years.'" (Emphasis in original.)  Jarrett, 372 Ill. App. 3d at 345-46, 867 N.E.2d at 1175.  The defendant was sentenced to eight years in DOC.  Jarrett, 372 Ill. App. 3d at 345, 867 N.E.2d at 1174. After noting its "serious concerns about both the analysis and remedy in Whitfield" (Jarrett, 372 Ill. App. 3d at 351, 867 N.E.2d at 1179), this court held that it was not constrained to follow the Whitfield decision because, unlike Whitfield, Jarrett involved only a partially negotiated plea instead of a fully negotiated plea, and the trial court did mention MSR during the guilty-plea hearing.  Jarrett, 372 Ill. App. 3d at 351-52, 867 N.E.2d at 1179-80.

Defendant maintains that, "at first blush," this line of cases seems to control the issue at bar because this was a fully negotiated plea, the trial court did mention MSR during the plea hearing, and the sentencing order made no mention of MSR.

- 20 -

However, defendant argues that in the case <u>sub</u> <u>judice</u> the court stated specifically that MSR was only a penalty defendant could receive if the matter were resolved by "other than a plea agreement." For that reason, defendant relies on <u>Company</u>, 376 Ill. App. 3d 846, 876 N.E.2d 1055, which he maintains is directly on point and which he argues should control the resolution of this issue.

In <u>Company</u>, the defendant entered into a fully negotiated plea of guilty to home invasion in exchange for dismissal of a murder charge and a 15-year sentence to DOC. <u>Company</u>, 376 Ill. App. 3d at 847, 876 N.E.2d at 1056. The trial court admonished the defendant as follows:

"'THE COURT: As Mr. Roustio indicated, Mr. Company, <u>if</u> <u>you</u> <u>were</u> <u>convicted</u> <u>at</u> <u>trial</u> <u>of</u> <u>the</u> <u>[m]urder</u>, I could have sentenced you to a determinate period of time in [DOC] between 20 and 60 years, and you would have to do 100[%] of that sentence. <u>If</u> <u>convicted</u> <u>on</u> <u>the</u> <u>[h]ome</u> <u>[i]nvasion</u>, I could sentence you to a determinate period of time in [DOC] between 6 and 30 years. You would have to do 85[%] of that sentence. It is not probationable. Probation is not an option, and at the conclusion of <u>that</u> sentence you either--either--the sentence on either count, you would do two years of [MSR], and on each

- 21 -

> one I could fine you $25,000. There's a
> possibility, Mr. Company, that I could sen-
> tence you consecutively so that theoretically
> you could do as many as 90 years in prison.
> Do you have any questions about the punish-
> ments that you could have faced?
>
>     THE DEFENDANT: No, [s]ir.'" (Emphases
> in original.) Company, 376 Ill. App. 3d at
> 850, 876 N.E.2d at 1058-59.

The written order of judgment made no mention of MSR. The defendant filed a motion to withdraw his guilty plea or, in the alternative, to modify or reduce the sentence imposed. In his motion, the defendant alleged that he did not "'fully understand or comprehend the admonishments of the court pursuant to Illinois Supreme Court Rule 402 at the time of the entry of the plea of guilty.'" Company, 376 Ill. App. 3d at 847-48, 876 N.E.2d at 1056. The court denied the defendant's motion to withdraw his guilty plea. Company, 376 Ill. App. 3d at 848, 876 N.E.2d at 1056-57.

In Company, the Fifth District found the facts were similar to Whitfield. However, unlike Whitfield, "the trial court did mention [MSR]" when admonishing the defendant. Company, 376 Ill. App. 3d at 850, 876 N.E.2d at 1058-59. But when mentioning MSR, the court stated that the defendant would be subject to a term of MSR "'if *** convicted at trial of the [m]urder'" and "'if convicted on the [h]ome [i]nvasion.'" The

- 22 -

court explained that "'[i]nstead of'" those penalties, the defendant was "'agreeing on a sentence of 15 years.'" (Emphasis omitted.) Company, 376 Ill. App. 3d at 850-51, 876 N.E.2d at 1058-59. Accordingly, the court stated that the defendant could reasonably have understood that an MSR term applied only if he were to be found guilty at a trial and that nothing in the record showed that the defendant knew he would be subject to an MSR term as a result of his guilty plea. Company, 376 Ill. App. 3d at 851, 876 N.E.2d at 1059.

The Company court then distinguished its holding from both Holt and Borst. Holt was distinguishable because, in that case, the defendant was clearly admonished by the trial court that an MSR term of one to three years attached to a prison term. Borst was distinguishable because, in that case, when the court admonished the defendant about the minimum and maximum sentences each offense carried, the court also mentioned the MSR term each offense carried. Company, 376 Ill. App. 3d at 852, 876 N.E.2d at 1060. The court distinguished Borst by stating that in Borst the trial court's admonishment had "related MSR to the defendant's crime," while in Company, the trial court had "linked MSR to the defendant's possible sentence if he were to be found guilty at a trial and not to a sentence for his crime in general or to the sentence that was being imposed as a result of his guilty plea." Company, 376 Ill. App. 3d at 852, 876 N.E.2d at 1060. The court reversed and remanded with directions that the trial court reduce the defendant's prison sentence from a term of 15 to a term of 12

- 23 -

years.  <u>Company</u>, 376 Ill. App. 3d at 853, 876 N.E.2d at 1061.

The case <u>sub</u> <u>judice</u> is similar to <u>Company</u> in many respects.  This case involved a fully negotiated plea for a set term of years.  When admonishing defendant at the plea hearing, the trial court mentioned MSR four times as follows:

"Now it is important that you understand with respect to [c]ount [I], the home invasion, that is a Class X felony.  And the law says that if this were handled by other than a plea agreement, you could get anywhere from six to 30 years in prison, <u>plus</u> <u>three</u> <u>years</u> [<u>of</u> <u>MSR</u>].  ***  So do you understand what the possibilities there are, if this were handled by other than a plea agreement?

THE DEFENDANT: Yes.

THE COURT: Okay.  Now, [c]ount [II], aggravated battery of a senior citizen *** is a Class 2 felony.  ***  And you are eligible there for an extended term.  Since that is a Class 2, an extended term is seven to fourteen years.  So if this were handled by other than a plea agreement, the law provides you could get anywhere from three to 14 years in prison, <u>plus</u> <u>two</u> <u>years</u> [<u>of</u> <u>MSR</u>].  ***  So those are the possibilities there.

Do you have any questions about that,

- 24 -

Mr. Holborow?

    THE DEFENDANT: No.

    THE COURT: Now, [c]ount [III], [c]ount[s] [III], [IV], [c]ount [V] are aggravated battery counts. Those are Class 3 extendedfelproisson tyeou ofareupligoiblea yfoearanthere. So if this were handled by other than a plea agreement as to those three counts, you could get anywhere from two to ten years in prison, plus two years [of MSR]. ***

    Any questions about that?

    THE DEFENDANT: No.

    THE COURT: *** Count [VI] is a theft count as a subsequent offense. This is a Class 4 felony. And there, you could get prison of anywhere from one to three years, plus one year of [MSR]. *** So those are the possibilities there.

    Any questions about that?

    THE DEFENDANT: No." (Emphasis added.)

The written plea agreement, docket entry, and sentencing order, however, made no mention of MSR. When the trial court sentenced defendant, the court specifically mentioned the 16 years' imprisonment, court costs, and DNA requirements but did not mention an MSR term.

However, in accordance with our prior decisions in Jarrett, Borst, and Holt, we disagree with the Fifth District's

- 25 -

holding in <u>Company</u>.  We, therefore, decline to apply it to the case <u>sub</u> <u>judice</u>.  "[S]ubstantial compliance with Rule 402 is sufficient to establish due process [citations], and an imperfect admonishment is not reversible error unless real justice has been denied or the defendant has been prejudiced by the inadequate admonishment."  <u>Whitfield</u>, 217 Ill. 2d at 195, 840 N.E.2d at 669.  The trial court in the case <u>sub</u> <u>judice</u> certainly could have made the admonitions clearer.  Regardless, the court did substantially comply with the requirements of Supreme Court Rule 402 when the court mentioned MSR to defendant during the court's admonitions prior to defendant's guilty plea.  Defendant was made aware of MSR, and he was not deprived of the benefit of the bargain he made with the State.  Therefore, defendant's due-process rights were not violated.  The court appropriately dismissed defendant's postconviction petition.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment dismissing defendant's postconviction petition.  As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.