NOTICE

Decision filed 04/17/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0585

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
) Circuit Court of
    Plaintiff-Appellee, ) Marion County.
)
v. ) No. 05-CF-291
)
WILLIAM L. B. THOMAS, ) Honorable
) Sherri L. E. Tungate,
    Defendant-Appellant. ) Judge, presiding.
_____

JUSTICE SPOMER delivered the opinion of the court:

The defendant, William L. B. Thomas, appeals the denial, by the circuit court of Marion County, of his petition for postconviction relief. For the reasons that follow, we affirm the order of the circuit court.

The gist of the defendant's claim is that when he pled guilty on November 8, 2005, to the offenses of unlawful possession with the intent to deliver a controlled substance (count I) and aggravated battery (count II), in exchange for concurrent sentences of seven years and five years, respectively, in the Department of Corrections, the defendant, who at the time was serving a term of mandatory supervised release for a prior murder conviction, was not informed that a mandatory supervised release term would be added to his new sentences by operation of law.

The record in this case shows that when the trial judge informed the defendant of the range of penalties for each offense to which the defendant was pleading guilty, the judge told the defendant, *inter alia*, that with regard to count I "[a]ny sentence of imprisonment would carry with it upon a release from prison a period of mandatory supervised release for a period

1

of two years" and that with regard to count II "[a]ny sentence of imprisonment would carry with it upon a release from prison a period of mandatory supervised release for a period of one year." The defendant contends that because the judge began the general admonitions about the range of penalties for each count with the phrase "without the benefit of this plea agreement," the defendant should be allowed to withdraw his guilty plea, because "a reasonable person" who heard the admonitions "would justifiably conclude that [mandatory supervised release] is a necessary part of non[]negotiated sentences only[] and that pleading guilty pursuant to a plea agreement allows a defendant to avoid the additional loss of liberty that [a mandatory supervised release] term entails."

In support of this argument, the defendant cites *People v. Company*, 376 Ill. App. 3d 846, 850 (2007), wherein this court held insufficient an admonition that the defendant would be subject to a term of mandatory supervised release if convicted at a trial but that under the plea agreement into which he was entering, instead of that possible sentence, he would receive the agreed sentence of 15 years, with no mention by the trial court of mandatory supervised release. *Company* is easily distinguishable from the present case; in *Company*, the defendant was given a misleading admonition in which the trial judge explicitly stated that *instead of* the sentence described in the range of penalties that included mandatory supervised release, the defendant would receive an agreed-upon sentence of 15 years. 376 Ill. App. 3d at 851. Moreover, the mandatory supervised release term the court had earlier described was not accurate and was in fact one year less than the one to which the defendant was actually subject. *Company*, 376 Ill. App. 3d at 851. The errors in *Company*, in other words, were far more egregious than those alleged in the case at bar and resulted in actual prejudice to the defendant. As we noted in *Company*, the defendant bears the burden of establishing that, when judged by objective standards, the circumstances surrounding a plea justify the defendant's mistaken impression that the sentence rendered did not include a term

2

of mandatory supervised release. 376 Ill. App. 3d at 851. In this case, the defendant is unable to meet that burden. Although the defendant contends that because the judge prefaced the general admonitions regarding the range of penalties with the phrase "without the benefit of this plea agreement," the defendant could reasonably have believed that mandatory supervised release would not apply to the sentences flowing from his pleas, we do not agree that such an interpretation would be objectively reasonable. The judge in this case clearly and unequivocally stated, after finishing her general description of the range of penalties for each offense, that *any* sentence of imprisonment would carry with it a term of mandatory supervised release. The defendant knew, as he stood before the court to enter his plea, that he was about to receive a sentence of imprisonment, and in fact he did receive a sentence of imprisonment. Under those circumstances, any misunderstanding about the applicability of mandatory supervised release, although perhaps unfortunate, cannot be deemed objectively reasonable.

The defendant also relies upon *People v. Whitfield*, 217 Ill. 2d 177 (2005), from which the defendant claims this case is indistinguishable. In fact, *Whitfield*, like *Company*, is factually distinguishable from the case at bar. In *Whitfield*, no mention at all was made of mandatory supervised release. 217 Ill. 2d at 180. In the case at bar, not only was mandatory supervised release explicitly mentioned, but as explained above, the trial judge specifically stated that with regard to each count, *any* sentence of imprisonment would carry with it a term of mandatory supervised release. As the *Whitfield* court itself recognized, an imperfect admonishment is a violation of due process only where real justice has been denied or a defendant has shown prejudice. 217 Ill. 2d at 195. We conclude that in this case, the admonitions of the trial judge that *any* sentence of imprisonment would carry with it a term of mandatory supervised release were sufficient to inform the defendant of mandatory supervised release and that real justice has not been denied, nor has the defendant shown

3

prejudice.

For the foregoing reasons, the order of the circuit court of Marion County is affirmed.

Affirmed.

GOLDENHERSH and DONOVAN, JJ., concur.

NO. 5-06-0585

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | No. 05-CF-291 |
| | ) | |
| WILLIAM L. B. THOMAS, | ) | Honorable |
| | ) | Sherri L. E. Tungate, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

**Opinion Filed**: April 17, 2008
_____

**Justices**: Honorable Stephen L. Spomer, J.

Honorable Richard P. Goldenhersh, J., and
Honorable James K. Donovan, J.,
Concur

_____

**Attorneys for Appellant**

Daniel M. Kirwan, Deputy Defender, John H. Gleason, Assistant Defender, Office of the State Appellate Defender, Fifth Judicial District, 117 North Tenth Street, Suite 300, Mt. Vernon, IL 62864

_____

**Attorneys for Appellee**

Hon. Matt Wilzbach, State's Attorney, Marion County Courthouse, P.O. Box 157, Salem, IL 62881; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Patrick D. Daly, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864

_____