No. 2--07--0229     Filed: 11-26-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03--CF--239 |
| EFRAIN J. MENDEZ, | ) ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE ZENOFF delivered the opinion of the court:

Defendant, Efrain J. Mendez, appeals from an order of the circuit court of Lake County, which summarily dismissed his pro se petition brought under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2006)). Defendant argues that the trial court erred by dismissing his petition as frivolous and without merit, because his petition stated the gist of a constitutional claim for due process violations in conjunction with the proceedings on his negotiated guilty plea. Because the record shows that defendant was not sufficiently admonished regarding the imposition of mandatory supervised release (MSR), we reverse and remand with directions.

BACKGROUND

Defendant was indicted for aggravated battery with a firearm (720 ILCS 5/12--4.2(a)(1) (West 2002)), aggravated discharge of a firearm (720 ILCS 5/24--1.2(a)(1) (West 2002)), defacing identification marks on a firearm (720 ILCS 5/24--5(a) (West 2002)), and aggravated unlawful use

of a weapon (720 ILCS 5/24--1.6(a)(1), (a)(3)(A) (West 2002)). Defendant entered a negotiated guilty plea on March 7, 2003. The terms of the plea agreement were that defendant would plead guilty to count I (aggravated battery with a firearm), in exchange for the State's dismissal of counts II, III, and IV, and for a sentence of 12 years in the Department of Corrections. Neither the terms of the plea nor the written judgment mentioned MSR.

The following colloquy took place at the plea proceeding on March 7, 2003:

"THE COURT: Now, the agreement is that you would be sentenced to serve 12 years from [sic] the Department of Corrections and that is not at good time or day for day credit, but you have to serve 85 percent. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: You went over that with Mr. Curran [defense counsel]?

THE DEFENDANT: Yes.

THE COURT: And the remaining charges would be dismissed. Is that your understanding?

THE DEFENDANT: Yes.

* * *

THE COURT: *** [T]he way this was charged, it is a Class X felony, which means that its possible penalties could have been between six and thirty years in the Department of Corrections with three years of mandatory supervised release or what was known as parole. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Under certain circumstances you could receive an extended term sentence. That could mean between thirty and sixty years, with three years of mandatory supervised release. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: You cannot receive probation or conditional discharge or periodic imprisonment. That's time served in the county jail. It is a mandatory sentence of at least six years in the Department of Corrections. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Knowing what the possible penalties could have been on this charge, do you still wish to plead guilty?

THE DEFENDANT: Yes.

THE COURT: Again, Mr. Mendez, you went over all of this with Mr. Curran?

THE DEFENDANT: Yes."

Thereafter, the court explained that, by pleading guilty, defendant was waiving his right to a trial by jury. The court also determined that there was no coercion or additional promise made to defendant and that there was a factual basis to support the plea. The court then ascertained that defendant was giving up his right to a presentence investigation and full sentencing hearing, and then added:

"THE COURT: However, when you plead guilty and agree to the 12 years you're telling me that you do not wish to have that done. You wish to proceed with the sentencing today. Is that correct?

THE DEFENDANT: Yes.

THE COURT: Sir, I will go along with this. Judgment of conviction will enter. You are sentenced to serve 12 years in the Department of Corrections and that will be served at 85 percent. You will get credit for the days you have served in the county jail."

The written sentencing order reflected these words of the court. It did not include any reference to MSR.

Almost four years later, on January 19, 2007, defendant filed a pro se petition for postconviction relief, alleging, inter alia, that the trial court failed to inform him that his agreed sentence included a term of MSR. Defendant stated in the petition that he had just recently discovered the MSR term, so that "any alleged issue of untimeliness [wa]s not due to defendants [sic] culpable negligence." After the trial court summarily dismissed the petition on January 31, 2007, defendant filed a timely notice of appeal on February 21, 2007.

ANALYSIS

This appeal involves the first-stage dismissal of defendant's postconviction petition. The Post-Conviction Hearing Act "provides a procedural mechanism through which a convicted criminal can assert 'that in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both.' " People v. Blair, 215 Ill. 2d 427, 447 (2005), quoting 725 ILCS 5/122--1(a) (West 2002). A three-stage proceeding is contemplated under the Act for noncapital cases. People v. Harris, 224 Ill. 2d 115, 125 (2007). At the first stage, the trial court determines if " 'the petition is frivolous or is patently without merit.' " People v. Coleman, 183 Ill. 2d 366, 379 (1998), quoting 725 ILCS 5/122--2.1(a)(2) (West 1994). The petition is frivolous or patently without merit only if it fails to state the "gist of a constitutional claim." People v. Edwards, 197 Ill. 2d 239, 244 (2001). If the

petition so fails, dismissal is warranted. Edwards, 197 Ill. 2d at 244. If the original trial record contradicts the allegations of the petition, the petition is without merit and dismissal is also warranted. Coleman, 183 Ill. 2d at 381-82. Dismissal without an evidentiary hearing is reviewed de novo. Harris, 224 Ill. 2d at 123.

Defendant argues that the trial court erred in dismissing his postconviction petition as frivolous or patently without merit, because his petition stated the gist of a constitutional claim. He claims that, because he was not properly admonished that his prison term would be followed by a three-year term of MSR (see 730 ILCS 5/5--8--1(d)(1) (West 2002)), the imposition of MSR increases the sentence for which he bargained and, therefore, breaches his agreement with the State and violates his right to due process of law. Pursuant to People v. Whitfield, 217 Ill. 2d 177 (2005), defendant claims that the appropriate remedy is to reduce his prison term by the length of the MSR term. The State contends that the record contradicts defendant's allegation that he was not advised of the imposition of MSR when entering his plea, because the record demonstrates that the trial court did substantially comply with Supreme Court Rule 402(a)(2) (177 Ill. 2d R. 402(a)(2))--which requires admonishment as to "the minimum and maximum sentence prescribed by law" prior to the acceptance of any plea of guilty. Therefore, according to the State, defendant's due process rights were not violated and the trial court was correct in summarily dismissing defendant's petition. We agree with defendant.

"[C]ompliance with Rule 402(a)(2) requires that a defendant be admonished that the *** [MSR] pertaining to the offense is a part of the sentence that will be imposed." Whitfield, 217 Ill. 2d at 188, quoting People v. Wills, 61 Ill. 2d 105, 109 (1975). This admonishment serves to ensure that due process is provided, since "due process requires that it be evident from the record that a

defendant's plea of guilty is entered with full knowledge of the consequences." Whitfield, 217 Ill. 2d at 200. In Whitfield, the trial court did not mention MSR at all during the plea hearing. Whitfield, 217 Ill. 2d at 180. The defendant pleaded guilty to first-degree murder and armed robbery in exchange for concurrent sentences of 25 years and 6 years, respectively. Whitfield, 217 Ill. 2d at 179. MSR was not included in the written sentencing order. Whitfield, 217 Ill. 2d at 180 n.1. These facts indicated a failure to admonish the defendant as required by Rule 402. Whitfield, 217 Ill. 2d at 190. The Whitfield court reasoned:

"[A]lthough substantial compliance with Rule 402 is sufficient to establish due process [citations], and an imperfect admonishment is not reversible error unless real justice has been denied or the defendant has been prejudiced by the inadequate admonishment [citation], there is no substantial compliance with Rule 402 and due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a mandatory supervised release term will be added to that sentence. In these circumstances, addition of the MSR term to the agreed-upon sentence violates due process because the sentence imposed is more onerous than the one defendant agreed to at the time of the plea hearing. Under these circumstances, the addition of the MSR constitutes an unfair breach of the plea agreement." Whitfield, 217 Ill. 2d at 195.

In light of the mandatory nature of MSR, the Whitfield remedy was to reduce the defendant's 25-year prison term to 22 years and add the statutorily required 3-year MSR term, thus approximating, as closely as possible, the sentence for which the defendant had bargained. Whitfield, 217 Ill. 2d at 203, 205.

Accordingly, the determination of whether the trial court properly dismissed defendant's petition requires that we review whether a sufficient admonishment was given to defendant at the plea hearing, such that defendant had "full knowledge of the consequences" of his plea. If defendant did not have full knowledge that MSR was part of his agreed sentence, then adding MSR to his prison term results in a sentence more onerous than the one for which he bargained and a violation of his due process rights. Whitfield, 217 Ill. 2d at 195.

Ideally, the trial court's admonition would explicitly state that MSR would be added to the sentence to which the defendant agreed. Nonetheless, substantial compliance with Rule 402 is sufficient. Whitfield, 217 Ill. 2d at 195. The determination of whether an admonishment substantially complies with Rule 402 is necessarily fact specific. Essentially, we must decide whether an ordinary person in defendant's place would have reasonably understood that MSR would be added to his sentence. See Whitfield, 217 Ill. 2d at 200; see also People v. Jarrett, 372 Ill. App. 3d 344, 352 (2007) ("The burden is on the defendant to establish that the circumstances existing at the time of the plea, judged by objective standards, justified the mistaken impression [that MSR was not included in the agreed sentence]").

First, defendant was admonished that his agreement with the State provided for dismissal of three counts of the indictment and a sentence of 12 years in the Department of Corrections, at 85%, in exchange for his plea of guilty on count I, aggravated battery with a firearm. No mention of MSR was made. Second, the trial court did include MSR when it stated what "the possible penalties could have been" (emphasis added) and when it discussed the possibility of an extended-term sentence. Significantly, the "could have been" language suggested that these were the possible penalties had the circumstances been other than what they were, i.e., in the absence of a plea and in the event of

a conviction at trial. This interpretation is especially reasonable given that defendant was told, third, that the mandatory minimum sentence was six years, again, with no mention of MSR. Importantly, the reference to the mandatory minimum sentence of six years, without mention of MSR, tended to negate any possible effectiveness of the preceding general admonition on what the possible penalties could have been. In light of how the mandatory minimum sentence was explained, the general admonition on what the sentence "could have been," interpreted in context, reasonably would be understood to mean that MSR is not mandatory. Fourth, in accepting the plea, the trial court continued to use similar language: "Knowing what the possible penalties could have been, do you still wish to plead guilty?" (Emphasis added.) The trial court then stated: "When you plead guilty and agree to the 12 years [you are waiving the presentence investigation]." No mention was made of MSR. Finally, when the trial court actually imposed the sentence, it was expressed only as 12 years at 85%, credit for time served. Overall, the trial court's language conveyed that MSR would have been a possibility only in the absence of a plea and that defendant was agreeing to 12 years, nothing more. Hence, an ordinary person in defendant's place would not have reasonably understood MSR to be part of his sentence; consequently, defendant could not have entered his plea with full knowledge of the consequences. Indeed, it was more reasonable for defendant to have concluded that a benefit of his plea was avoiding the possible penalty of MSR. Therefore, the addition of the 3-year MSR term to defendant's 12-year prison term resulted in a sentence more onerous than the one for which he bargained.

Other courts have interpreted the Whitfield requirements for substantial compliance with Rule 402. For example, in People v. Thomas, 381 Ill. App. 3d 972 (2008), the Fifth District found that a sufficient admonishment had been given. The defendant, who was already serving an MSR

term for a previous murder conviction, argued that he had not been sufficiently admonished that MSR would be added by operation of law to his new sentences under the negotiated plea agreement at issue. Thomas, 381 Ill. App. 3d at 973. The trial court had specifically admonished the defendant that "[a]ny sentence of imprisonment would carry with it upon a release from prison a period of mandatory supervised release for a period of two years." (Emphasis added.) Thomas, 381 Ill. App. 3d at 973. On appeal, the Thomas court found that this admonishment, when given to a defendant who actually received a sentence of imprisonment, made it objectively unreasonable to believe that no MSR was included. Thomas, 381 Ill. App. 3d at 974. Thus, in Thomas, unlike the case at bar, MSR was linked to the defendant's agreed-upon sentence so that he entered his plea with full knowledge of the consequences.

In contrast, in People v. Company, 376 Ill. App. 3d 846 (2007), the Fifth District found that the defendant had received an insufficient admonishment. The defendant, under a negotiated plea agreement, pleaded guilty to home invasion in exchange for a sentence of 15 years in prison and the dismissal of a first-degree murder charge. Company, 376 Ill. App. 3d at 847. The admonishment was as follows:

> " 'THE COURT: *** [I]f you were convicted at trial of the Murder, I could have sentenced you to a determinate period of time in the Illinois [D]epartment of [C]orrections between 20 and 60 years, and you would have to do 100 percent of that sentence. *** [A]nd at the conclusion of that sentence *** you would do two years of [MSR]. *** Do you have any questions about the punishments that you could have faced?
>
> THE DEFENDANT: No, sir.
>
> * * *

THE COURT: You heard the plea negotiations, Mr. Company. <u>Instead of</u> the maximum *** that you'd face *** <u>you are agreeing on a sentence of 15 years</u>.' " (Emphases in original.) <u>Company</u>, 376 Ill. App. 3d at 850-51.

On appeal, the <u>Company</u> court found that the defendant could not have entered his plea with full knowledge of the consequences because MSR was specifically linked to a finding of guilt at a trial. <u>Company</u>, 376 Ill. App. 3d at 851. MSR was linked neither to the defendant's negotiated sentence nor even to his crime in general. <u>Company</u>, 376 Ill. App. 3d at 852. In fact, "the trial court stated that <u>instead of</u> the possible sentences available upon a conviction at a trial, the defendant was agreeing to a sentence of 15 years." (Emphasis in original.) <u>Company</u>, 376 Ill. App. 3d at 851. The <u>Company</u> court found this misleading admonishment to be more egregious than the trial court's silence in <u>Whitfield</u>. <u>Company</u>, 376 Ill. App. 3d at 850. (Additionally, the <u>Company</u> trial court had erroneously stated that the MSR term would have been two years, rather than the applicable three-year term. <u>Company</u>, 376 Ill. App. 3d at 851.) Therefore, the <u>Company</u> court reversed and remanded with directions to impose a <u>Whitfield</u> remedy. <u>Company</u>, 376 Ill. App. 3d at 853.

The trial court's admonishment in our case, though not as egregious, was similarly misleading. The "could have been" language has the same meaning as the language in <u>Company</u>. In the instant case, without a plea, the "possible penalties <u>could have been</u>" 6 to 30 years plus 3 years' MSR; in <u>Company</u>, "<u>if [the defendant] were convicted at trial</u>" the possible penalties "could have" been 20 to 60 years plus MSR, and those were the punishments the defendant "<u>could have faced</u>" had he not pleaded guilty. (Emphases added.) <u>Company</u>, 376 Ill. App. 3d at 850. Also, the language of the trial court in our case when imposing sentence--"When you plead guilty and agree to the 12 years"--resembled that of the <u>Company</u> trial court: "you are agreeing on a sentence of 15 years"

(Company, 376 Ill. App. 3d at 850-51). Thus, similar to the defendant in Company, an ordinary person in defendant's place would have been led to reasonably believe that MSR was a possibility only in the absence of the plea agreement (i.e., if convicted at trial), and that, by virtue of the plea, MSR would not be imposed in his case. Therefore, since MSR is statutorily required, the admonishments in this case and in Company were not only seriously misleading, but indeed were false, because MSR would automatically attach to each sentence by operation of law, regardless of the defendants' reasonable understandings of their agreements.

We note that in People v. Borst, 372 Ill. App. 3d 331 (2007), the Fourth District found that "the [trial] court did admonish defendant about MSR" by including it in the general list of possible penalties faced by the defendant. Borst, 372 Ill. App. 3d at 334. The defendant pleaded guilty to attempted aggravated criminal sexual assault and home invasion in exchange for concurrent 15-year sentences and the dismissal of a residential burglary charge. Borst, 372 Ill. App. 3d at 332. The trial court in Borst admonished the defendant:

"Count [I], attempted aggravated criminal sexual assault, is a Class [1] [f]elony punishable by *** four to 15 years in the penitentiary. If there are aggravating factors present[,] could be 15 to 30 years. Two years['] [MSR]. Up to four years on probation. Up to $25,000 fine.

Count [II], home invasion, is a Class X [f]elony as charged. It's six to 30 years in the penitentiary. Could be 30 to 60 years if there are aggravating factors present. Three years['] [MSR]. Is not probationable. And up to $25,000 fine.

Count [III], residential burglary, is a Class 1 offense with penalty that I just read to you except it is not probationable." (Emphases omitted.) Borst, 372 Ill. App. 3d at 332.

On appeal, the Borst court held that, although the admonitions were "inartful, defendant's constitutional right to due process and fundamental fairness was not violated." Borst, 372 Ill. App. 3d at 334. Noting that the trial "court could have made its admonitions clearer, the court did make defendant aware of MSR." Borst, 372 Ill. App. 3d at 334.

Borst is factually distinguishable from our case. The trial court complied with the Whitfield requirement to link the MSR term to the plea, by linking MSR "to the defendant's crime." Company, 376 Ill. App. 3d at 852. The trial court in Borst individually listed each count of the indictment, named the offense and the class of felony, and stated that the offense was "punishable by" a prison term, possibly an extended term, MSR, probation (or not), and a fine. Borst, 372 Ill. App. at 332. Thus, the Borst trial court's general admonition was sufficient because it was a broad statement that the defendant's prison term would be followed by MSR. What remained open for negotiation in the plea process was merely the length of the prison term. This is unlike our case. Although the format of the admonishment in our case--naming the offense, the class of felony, the range of prison terms, and MSR--superficially linked MSR to defendant's crime, the language used has a very different meaning from that used in Borst. The Borst trial court said that the offense was "punishable by" a certain number of years, then listed the extended term, MSR, probation, and fine information. This language was prospective and indicated that those penalties were possibilities for anyone guilty of the particular offense. In contrast, the trial court here stated that the possible penalties "could have been" a certain number of years, with MSR. This language suggested that those would have been the penalties had the circumstances been different. In fact, the trial court here did not even include MSR in its explanation of the mandatory minimum sentence for the crime. Thus, our case is more

like <u>Company</u>, in which the defendant was led to believe that, by pleading guilty, he avoided what the possible penalties could have been.

We observe that, following <u>Borst</u>, the Fourth District, in <u>People v. Holborow</u>, 382 Ill. App. 3d 852, 864-65 (2008), decided a case that was factually similar to ours and to <u>Company</u>. The <u>Holborow</u> court held that the trial court did substantially comply with Rule 402 when it mentioned MSR during the plea hearing, prior to the acceptance of the plea. The defendant entered a negotiated plea to home invasion, theft, and criminal trespass to a vehicle in exchange for concurrent sentences of 16 years, 3 years, and 364 days, respectively, and the dismissal of four other charges. <u>Holborow</u>, 382 Ill. App. 3d at 853. The trial court had admonished:

"Now it is important that you understand with respect to [c]ount [I], the home invasion, that is a Class X felony. And the law says that if this were handled by other than a plea agreement, you could get anywhere from six to 30 years in prison, plus three years [of MSR]. You are not eligible for probation, periodic imprisonment[,] or conditional discharge. If you were found guilty, you would have to get a minimum six years, and you could get as much as 30. And with great bodily harm, you have to serve 85[%] of your time. So do you understand what the possibilities there are [<u>sic</u>], if this were handled by other than a plea agreement?" (Emphasis omitted.) <u>Holborow</u>, 382 Ill. App. 3d at 855.

Acknowledging the factual similarity between this admonishment and the admonishment in <u>Company</u>, the <u>Holborow</u> court disagreed with the holding in <u>Company</u> and followed its own Fourth District decision in <u>Borst</u> instead. <u>Holborow</u>, 382 Ill. App. 3d at 864-65.

We reject the proposition that the mere mention of MSR is sufficient under <u>Whitfield</u>, because <u>Whitfield</u> clearly requires that a Rule 402 admonishment link MSR to the plea (<u>Whitfield</u>,

217 Ill. 2d at 188 (finding that defendant must be admonished that MSR "is a part of the sentence that will be imposed")).  Of course, this can be accomplished by a general admonishment, as in Borst, in which MSR was linked to the defendant's crime itself.  However, what is necessary is not that MSR is merely mentioned, as the Holborow court concluded, but rather that, based on the discussion as a whole at the plea hearing, the defendant should have known that MSR was part of the agreed-upon sentence.  Taking the plea hearing discussion as a whole in our case, an ordinary person in defendant's place would not have reasonably known that MSR attached to his prison term.  The only mention of MSR was in the court's statement of what the "possible penalties could have been."  That alone made it objectively reasonable for defendant to believe that, by pleading guilty instead of opting for a trial, he was avoiding those penalties.  Moreover, any effectiveness of the general admonition was undermined by the court's statement that the mandatory minimum sentence was six years in prison and nothing more.

We note that it would not place a significant burden on trial courts to comply with Rule 402 under Whitfield by explicitly admonishing defendants that the statutorily required terms of MSR will be added to their agreed-upon sentences.  Neither is it a significant burden to include MSR on written judgments.  These simple, basically clerical, procedures easily would avoid the problem of insufficient admonishments.

For the reasons given, we reverse the judgment of the circuit court of Lake County summarily dismissing defendant's postconviction petition, and we vacate defendant's sentence.  We remand to the circuit court with directions that it impose a sentence of nine years' imprisonment, followed by a three-year term of MSR.[1]

----

[1]See People v. Gulley, 383 Ill. App. 3d 727 (2008) (granting relief after appeal from first-

Reversed and remanded with directions.

McLAREN and SCHOSTOK, JJ., concur.

---

stage dismissal of postconviction petition). We also direct the circuit court to include in its order the additional details in its original order dated March 7, 2003, such as credit for time served and that the sentence is to be served at 85%.