Nos. 2--07--0640 & 2--07--0642 cons.    Filed: 2-20-09

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Lake County. |
|---|---|---|
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 01--CF--1036 |
| ENRIQUE SANTANA, | ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Lake County. |
|---|---|---|
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 01--CF--1040 |
| ENRIQUE SANTANA, | ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the opinion of the court:

In these consolidated appeals, defendant, Enrique Santana, seeks review of orders dismissing petitions under section 2--1401 of the Code of Civil Procedure (735 ILCS 5/2--1401 (West 2006)), which sought the reduction of his sentences for aggravated discharge of a firearm (720 ILCS 5/24--1.2(a)(1), (a)(2) (West 2000)). We affirm.

In separate prosecutions, defendant was charged with aggravated discharge of a firearm in incidents that occurred on or about March 23, 2001 (case No. 2--07--0640), and March 28, 2001 (case No. 2--07--0642). On May 29, 2001, defendant entered negotiated guilty pleas in both cases. The prosecutor provided the following statement of the terms of the plea agreement:

"We have a proposed disposition. The defendant will be pleading guilty to both cases. *** On each case he will be sentenced to ten years in the Illinois Department of Corrections.

The Court will also as part of our plea make a finding *** that consecutive sentence is necessary in this case having regard for the nature and circumstances of the offense and the history of the defendant that a consecutive term is required to protect the public. As a result, those sentences will run consecutively."

The prosecutor did not explain that, by operation of law, defendant's sentences included a two-year term of mandatory supervised release (MSR), to be served upon release from incarceration. See 730 ILCS 5/5--8--1(d)(2) (West 2000). However, before accepting defendant's guilty pleas, the trial court admonished him as follows:

"If you are found guilty of [the charge arising from the March 23, 2001, incident], you could be sentenced from four to five [sic] years in the penitentiary followed by a two-year [MSR] term that used to be called parole and a fine of up to $25,000.

* * *

If you are found guilty of [the charge arising from the March 28, 2001, incident], you could be sentenced from four to 15 years in the penitentiary followed by a one-year [MSR] term that used to be called--let me start that again. If you are found guilty of that aggravated

-2-

discharge of a firearm, you could be sentenced from four to 15 years in the penitentiary followed by a two-year [MSR] term that used to be called parole and a fine of up to $25,000."

Defendant filed his section 2--1401 petitions in April 2007. He alleged that he "was never admonished or even told that 2 years of MSR would have to be done once his determinate sentence was complete." Defendant contended that the addition of a term of MSR to his sentences contravened his plea agreement. The State moved to dismiss the petitions, and the trial court granted the motions, concluding that the petitions were untimely and that, because defendant was properly admonished, each petition failed to state a basis for relief. Defendant filed timely notices of appeal, and this court ordered the appeals consolidated.

Section 2--1401 provides "a comprehensive, statutory procedure that allows for the vacatur of a final judgment older than 30 days." People v. Vincent, 226 Ill. 2d 1, 7 (2007). "Relief under section 2--1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." Vincent, 226 Ill. 2d at 7-8. Ordinarily the petition must be brought within two years after the entry of the judgment or order from which relief is sought. 735 ILCS 5/2--1401(c) (West 2006). Relief under section 2--1401 is available in criminal as well as civil cases. Vincent, 226 Ill. 2d at 8. The petition may be dismissed if legally or factually insufficient. Vincent, 226 Ill. 2d at 8. Absent an evidentiary hearing on the petition, our review of the dismissal of the petition is de novo. Vincent, 226 Ill. 2d at 13.

Defendant argues on appeal that his petitions set forth claims for relief pursuant to the principles announced in People v. Whitfield, 217 Ill. 2d 177 (2005). In that case, our supreme court

noted that a violation of due process occurs when a defendant pleads guilty in exchange for a specific sentence, but receives "a different, more onerous sentence." Whitfield, 217 Ill. 2d at 189. The Whitfield court further observed that under Supreme Court Rule 402(a)(2) (177 Ill. 2d R. 402(a)(2))--which requires the trial court to inform the defendant of the minimum and maximum sentences prescribed by law before accepting a guilty plea--the defendant must be informed that a term of MSR will be added to his or her sentence. Whitfield, 217 Ill. 2d at 188, citing People v. Wills, 61 Ill. 2d 105, 109 (1975). Without a proper admonition, adding MSR to the defendant's sentence "amounts to a unilateral modification and breach of the plea agreement by the State, inconsistent with constitutional concerns of fundamental fairness." Whitfield, 217 Ill. 2d at 190. However, because a defendant sentenced to imprisonment must also serve a term of MSR, the Whitfield court concluded that the remedy most closely approximating the defendant's bargain with the State is to reduce the defendant's prison term by a period equal to the MSR term. Whitfield, 217 Ill. 2d at 203-05. Accordingly, in Whitfield, where the defendant pleaded guilty in exchange for a 25-year prison term and was not told he would also have to serve a 3-year term of MSR, the court reduced the prison term by 3 years.

Defendant argues that, in accordance with Whitfield, his prison terms should be reduced by two years. Defendant contends that his failure to file his petitions within two years after his conviction does not bar relief. According to defendant, the portion of his sentences exceeding what is permissible under Whitfield is void and may be challenged at any time under section 2--1401. Defendant alternatively argues that, if section 2--1401's time limit does in fact apply, the trial court should have recharacterized his petition as one seeking relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2006)), in which case the trial court would have to appoint

counsel to represent defendant before considering the timeliness of the petition. See generally People v. Boclair, 202 Ill. 2d 89 (2002).

We disagree with defendant's theory that a sentence that runs afoul of Whitfield is partly void. "Whether a judgment is void or voidable presents a question of jurisdiction." People v. Davis, 156 Ill. 2d 149, 155 (1993). A judgment is void if the court entered it without personal or subject matter jurisdiction or if the court "lacked the power to render the particular judgment or sentence." People v. Rodriguez, 355 Ill. App. 3d 290, 296 (2005). There is no question that the trial court possessed jurisdiction over defendant's person and over the subject matter. The only issue is whether the court lacked the power to impose sentences that violated defendant's agreement with the State. Our supreme court has observed that the requirement that a court have the "inherent power" to render a particular judgment is largely a relic of the period prior to 1964, when courts exercised only limited jurisdiction conferred by statute. Steinbrecher v. Steinbrecher, 197 Ill. 2d 514, 529-30 (2001). In criminal cases, the "inherent power" requirement endures mainly as a limitation on the court's ability to impose a sentence contravening a statutory requirement. Thus, "a sentence not conforming to a statutory requirement is void and may be corrected at any time." People v. Davison, 378 Ill. App. 3d 1010, 1018 (2008), appeal allowed, 228 Ill. 2d 540 (2008).

Here, defendant's sentences--including MSR--are authorized by statute. Whether or not defendant's sentences comport with Whitfield, the trial court clearly had the power to impose the sentences. Even if the trial court failed to sufficiently admonish defendant concerning MSR, the error would not vitiate the trial court's power to impose a sentence authorized by statute. As our supreme court has noted, "jurisdiction or power to render a particular judgment does not mean that

the judgment rendered must be the one that should have been rendered, for the power to decide carries with it the power to decide wrong as well as to decide right." Davis, 156 Ill. 2d at 156.

Nor do we believe that the trial court erred by declining to recharacterize defendant's section 2--1401 petition as one brought under the Act. In support of his argument, defendant relies on People v. Smith, 386 Ill. App. 3d 473 (2008). Smith held that the trial court abused its discretion in failing to recharacterize, sua sponte, an untimely pro se section 2--1401 petition that would have been timely under the Act. Smith, 386 Ill. App. 3d at 475-76. The result in Smith is questionable. The trial court is under no obligation to recharacterize a pleading on its own. Section 122--1(d) of the Act provides that "[a] trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under [the Act] need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under [the Act]." (Emphasis added.) 725 ILCS 5/122--1(d) (West 2006). In any event, Smith is distinguishable. First, unlike in Smith, defendant's petitions were time-barred not only under section 2--1401, but under the Act as well. Even if we agreed with Smith, we would not extend its holding to a case like this one, where the defendant's ultimate success would depend not only on the recharacterization of the petition but also on the defendant establishing an excuse for the late filing or the State deciding to forgo a valid challenge under the Act to the timeliness of the petition. Such circumstances would not justify overriding the trial court's discretion in determining whether to recharacterize a defendant's petition.

Second, even under the Act, defendant's petitions fail to establish grounds for relief under Whitfield. According to defendant, the trial court should have specifically informed him that the plea agreement provided for MSR. Defendant recognizes that this case differs from Whitfield, in

which during the plea proceedings there was no reference whatsoever to MSR. However, defendant insists that "merely mentioning that MSR could be part of a potential sentence did not inform [defendant] that MSR was certain to be part of the sentence for which he was agreeing to plead guilty." The argument is meritless.

Reviewing courts have not insisted that the admonition concerning MSR take any particular form or that MSR be addressed at any particular point in the proceedings. In several cases, courts have held that Whitfield did not apply when the trial court mentioned MSR while advising the defendant of the maximum and minimum penalties for the charged offense, even though the defendant was not specifically admonished that a term of MSR would attach to his or her sentence. See People v. Thomas, 381 Ill. App. 3d 972 (2008); People v. Marshall, 381 Ill. App. 3d 724 (2008); People v. Holt, 372 Ill. App. 3d 650 (2007). Defendant contends that Thomas, Marshall, and Holt are distinguishable, however, because in those cases the trial courts made it clear that a term of MSR would follow any prison term. However, the admonition in Marshall was not significantly different from the one given here. See Marshall, 381 Ill. App. 3d at 735 (" 'You could be fined or you could get a penitentiary sentence and have to serve a period of three years mandatory supervised release' "). Moreover, the distinction defendant attempts to draw does not apply to People v. Borst, 372 Ill. App. 3d 331 (2007). In Borst, the defendant pleaded guilty to attempted aggravated criminal sexual assault and home invasion in exchange for concurrent 15-year sentences and the dismissal of a charge of residential burglary. The trial court admonished the defendant, in pertinent part, as follows:

> " '[TRIAL COURT]: Count [I], attempted aggravated criminal sexual assault, is a
>
> Class [1] [f]elony punishable by one to three years, I'm sorry, four to 15 years in the

penitentiary. If there are aggravating factors present[,] could be 15 to 30 years. Two years['] [MSR]. Up to four years on probation. Up to $25,000 fine.

Count [II], home invasion, is a Class X [f]elony as charged. It's six to 30 years in the penitentiary. Could be 30 to 60 years if there are aggravating factors present. Three years['] [MSR]. Is not probationable. And up to $25,000 fine.

Count [III], residential burglary, is a Class 1 offense with penalty that I just read to you except it is not probationable.' " (Emphases in original.) Borst, 372 Ill. App. 3d at 332.

However, as in this case, the trial court made no mention of MSR when describing the sentence that would be imposed pursuant to the plea agreement. Notwithstanding the omission, the Borst court rejected the defendant's Whitfield claim for the following reasons:

"The situation in the case at bar is similar to that in Whitfield with one important exception. In Whitfield, the trial court did not make any mention of MSR to the defendant before he entered his negotiated guilty plea for a specific term of years. [Citation.] In the instant case, the trial court informed defendant of MSR. While the court could have made its admonitions clearer, the court did make defendant aware of MSR.

If the trial court had failed to give defendant any admonitions concerning MSR, we would follow Whitfield even though we have concerns about the supreme court's opinion. However, in our case, the court did admonish defendant about MSR. We will not expand the holding in Whitfield to apply to situations like those in the instant case. While the court's admonitions in this case were inartful, defendant's constitutional right to due process and fundamental fairness was not violated." Borst, 372 Ill. App. 3d at 334.

In People v. Mendez, No. 2--07--0229 (November 26, 2008), we approved of this result:

"The trial court [in Borst] complied with the Whitfield requirement to link the MSR term to the plea, by linking MSR 'to the defendant's crime.' [Citation.] The trial court in Borst individually listed each count of the indictment, named the offense and the class of felony, and stated that the offense was 'punishable by' a prison term, possibly an extended term, MSR, probation (or not), and a fine. [Citation.] Thus, the Borst trial court's general admonition was sufficient because it was a broad statement that the defendant's prison term would be followed by MSR. What remained open for negotiation in the plea process was merely the length of the prison term." Mendez, slip op. at 12.

Defendant argues, however, that this case resembles People v. Company, 376 Ill. App. 3d 846 (2007). In Company, the defendant pleaded guilty to home invasion. Pursuant to an agreement with the State, he was sentenced to a 15-year prison term and a first-degree murder charge was dismissed. During the plea proceedings, the only reference to MSR was the trial court's statement that, if the defendant had been "convicted at trial" of first-degree murder or home invasion, his prison term would be followed by a term of MSR. The Company court held that Whitfield, not Borst, was controlling. The Company court reasoned:

"Based on the trial court's statements, the defendant could reasonably understand that an MSR term applied only if he were to be found guilty at a trial. Nothing in the record shows that the defendant knew he would be subject to an MSR term as a result of his guilty plea. The fact that the trial court mentioned MSR in connection with the defendant's possible sentence if he were to be found guilty at a trial does not establish that the defendant was aware that an MSR term applied to his plea." Company, 376 Ill. App. 3d at 851.

The Company court concluded that Borst was distinguishable because "[t]he trial court's admonishment in Borst related MSR to the defendant's crime," whereas the admonishment in Company "linked MSR to the defendant's possible sentence if he were to be found guilty at a trial and not to a sentence for his crime in general or to the sentence that was being imposed as a result of his guilty plea." Company, 376 Ill. App. 3d at 852.

Defendant contends that the same reasoning applies here because the trial court admonished defendant that he could be sentenced to imprisonment and MSR if he were "found guilty." According to defendant, "[b]eing 'found guilty' implies that a trier of fact would determine [defendant's] guilt rather than [defendant] himself acknowledging his guilt and pleading guilty."

We disagree. This case is more closely analogous to Borst than to Company. Here, the trial court's admonition did not explicitly link MSR to a conviction following a trial. The trial court's broad statement that defendant could serve a prison term, followed by a term of MSR, if "found guilty" was not confined to a conviction resulting from a trial. A conviction based on a guilty plea depends on a judicial finding of guilt (albeit one based on uncontested facts); the trial court may not simply enter judgment on the plea, but must also determine that there is a sufficient factual basis for the plea (725 ILCS 5/115--2(a) (West 2000)).

As was the case in Borst, the discussion of MSR was sufficient to apprise defendant of the penal consequences of his plea. The remote, theoretical possibility that defendant might have misinterpreted the admonition is insufficient to establish either that "real justice has been denied" or that the admonishment prejudiced defendant in any appreciable way. Whitfield, 217 Ill. 2d at 195.

Our decision in Mendez does not require a different result. In Mendez, after confirming that the defendant had agreed to serve a 12-year prison term for aggravated battery with a firearm, the

trial court stated, " '[T]he way this was charged, it is a Class X felony, which means that its possible penalties <u>could have been</u> between six and thirty years in the Department of Corrections with three years of mandatory supervised release or what was known as parole.' " (Emphasis added.) <u>Mendez</u>, slip op. at 2. We reasoned that the emphasized language was misleading because it "suggested that these were the possible penalties had the circumstances been other than what they were, <u>i.e.</u>, in the absence of a plea and in the event of a conviction at trial." <u>Mendez</u>, slip op. at 7-8. Here, in contrast, defendant was not advised that his sentence "could have been" a prison term followed by MSR. Rather he was told that he "could be" sentenced to prison and MSR if found guilty.

Smith is also distinguishable. In <u>Smith</u>, the plea agreement provided that the defendant would serve a 22-year prison sentence for first-degree murder. Outlining the authorized penalties for that offense, the trial court advised the defendant, "you could be sentenced to twenty to sixty years in the Department of Corrections. You could be fined up to $25,000. You could be subject to mandatory supervised release of three years." <u>Smith</u>, 386 Ill. App. 3d at 474. In holding the admonition insufficient, the <u>Smith</u> court reasoned:

"When the trial court accepted the plea and imposed the sentence, it specifically mentioned the 22 years' incarceration, court costs, DNA testing, and disbursement of bond monies, but it did not mention a term of mandatory supervised release. Because the defendant negotiated a sentence at the low end of the sentencing range, the failure to affirmatively inform the defendant that mandatory supervised release remained as a part of his sentence could have led him to believe that the mandatory-supervised-release term had also been negotiated away." <u>Smith</u>, 386 Ill. App. 3d at 482.

Unlike in this case, in <u>Smith</u> the trial court phrased its admonition in a manner that suggested that imprisonment, a fine, and MSR were <u>alternative</u> penalties. This could have fostered the idea that MSR could be bargained away. Here, in contrast, the admonition made clear that, if defendant were found guilty and sentenced to a prison term, a term of MSR would follow the prison term. The admonition could not have led defendant to believe that imprisonment and MSR were alternative penalties.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and HUTCHINSON, JJ., concur.