THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERMAINE D. DANIELS, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERMAINE D. DANIELS, Defendant-Appellant.

Second District   Nos. 2—07—0162, 2—07—0163 cons.

Opinion filed March 26, 2009.

Thomas A. Lilien and Darren E. Miller, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Lawrence M. Bauer and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE O'MALLEY delivered the opinion of the court:

In separate prosecutions, defendant, Jermaine D. Daniels, was charged with burglary (720 ILCS 5/19—1(a) (West 2004)) (case No.

2—07—0162) and forgery (720 ILCS 5/17—3(a)(1) (West 2004)) (case No. 2—07—0163). On September 27, 2005, defendant entered a negotiated guilty plea in each case and was sentenced to consecutive prison terms of three years for burglary and two years for forgery. Defendant did not move to withdraw his pleas and did not appeal from the convictions. However, in July of the following year, defendant filed a "motion for relief from judgment" in each case, seeking a remedy under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2006)), the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2006)), or both. The trial court treated the motions as petitions under the Act (and we will hereinafter refer to them as such). The trial court also appointed counsel to represent defendant. Following a hearing, the trial court denied the petitions, and defendant filed timely notices of appeal. We ordered the appeals consolidated, and we now reverse and remand for further proceedings.

At the hearing at which defendant entered his pleas, the prosecutor described defendant's plea agreement. In doing so, however, the prosecutor did not mention that, by operation of law, defendant's sentences included terms of mandatory supervised release (MSR) to be served upon his release from incarceration. See 730 ILCS 5/5—8—1(d) (West 2004). Prior to accepting defendant's pleas, the trial court admonished him as follows:

"Minimum sentences you can receive are probation or conditional discharge.

Maximum sentence on the forgery would be 10 years in the Illinois Department of Corrections. Normally would be five, but the State tells me that based on your background, you are eligible for extended term, with one year parole or mandatory supervised release. You could be fined up to $25,000.

Burglary is a Class 2 felony. Minimum sentence is probation or conditional discharge. Maximum sentence would be 14 years in the Illinois Department of Corrections with two years mandatory supervised release or parole. You could be fined up to $25,000.

The agreement here is that you be ordered to serve two years, which is the minimum term of penitentiary sentence on the forgery, three years, which is the minimum term of penitentiary sentence on the burglary ***. ***

***

*** [Y]ou have got to serve those consecutively. That means that you'd serve the two-year sentence before you started the three-year sentence ***. So, you are going to be doing five years."

In pronouncing sentence, the trial court stated to defendant, "I will order you serve the one year [MSR] on [the forgery conviction], two years [MSR] on [the burglary conviction]."

In his petitions, defendant claimed that he was deprived of due process of law, because the trial court accepted his guilty pleas without properly advising him that he would have to serve a term of MSR after completing his prison terms.

The Act "provides a means for a criminal defendant to challenge his conviction or sentence based on a substantial violation of constitutional rights." *People v. Beaman*, 229 Ill. 2d 56, 71 (2008). Typically, when a postconviction petition is not summarily dismissed by the trial court (see 725 ILCS 5/122—2.1(a)(2) (West 2006)) or dismissed on the State's motion, it proceeds to an evidentiary hearing, and the trial court's findings will be upheld on appeal unless they are against the manifest weight of the evidence. *People v. Rapp*, 343 Ill. App. 3d 414, 417 (2003). Although the petitions in this case were not dismissed, no evidence was presented at the hearing and the relevant facts are undisputed. Accordingly, whether defendant suffered a violation of his constitutional rights is a question of law, subject to *de novo* review.

■ In order for a guilty plea to satisfy due process, "the record must affirmatively show that the plea was entered intelligently and with full knowledge of its consequences." *People v. Whitfield*, 217 Ill. 2d 177, 184 (2005), citing *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). Supreme Court Rule 402 (177 Ill. 2d R. 402) is designed to ensure that a guilty plea meets this requirement. Paragraph (a)(2) of that rule requires the trial court to admonish a criminal defendant of "the minimum and maximum sentence prescribed by law" for the offense to which the defendant is pleading guilty. 177 Ill. 2d R. 402(a)(2). In *Whitfield*, our supreme court noted that, under the due process clause and Rule 402(a)(2), the defendant must be admonished that, after completing a prison term, he or she will be required to serve a term of MSR. *Whitfield*, 217 Ill. 2d at 188, citing *People v. Wills*, 61 Ill. 2d 105, 109 (1975). Because the admonishment is necessary to ensure that the plea is entered intelligently, the admonishment must *precede* acceptance of the plea. *Whitfield*, 217 Ill. 2d at 195 ("there is no substantial compliance with Rule 402 and due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, *prior to accepting his plea*, that a mandatory supervised release term will be added to that sentence" (emphasis added)).

■ In *Whitfield*, the court explained that, where the defendant is not properly admonished, "there are two separate, though closely related, constitutional challenges that may be made: (1) that the plea of guilty was not made voluntarily and with full knowledge of the consequences, and (2) that defendant did not receive the benefit of the

bargain he made with the State when he pled guilty." *Whitfield*, 217 Ill. 2d at 183-84. The second type of challenge proceeds upon the theory that, absent the requisite admonishment, addition of the MSR term to the agreed-upon sentence "violates due process because the sentence imposed is more onerous than the one defendant agreed to at the time of the plea hearing." *Whitfield*, 217 Ill. 2d at 195. The defendant in *Whitfield* sought to enforce, as nearly as possible, his bargain with the State. He had agreed to serve a 25-year prison term for first-degree murder, but not the 3-year term of MSR imposed by operation of law (730 ILCS 5/5—8—1(d)(1) (West 1998)). The court held that MSR could not be stricken from the sentence; rather, the appropriate remedy was to reduce the defendant's prison term by three years—the length of the MSR term.

Here, defendant notes that the remedy given in *Whitfield* is not available to him. Two years is the minimum prison term for forgery and three years is the minimum prison term for burglary; defendant's prison terms cannot be reduced. Defendant argues, however, that he should be given the option of withdrawing his guilty plea, if he so chooses. The State responds that the trial court adequately admonished defendant about MSR and that he is entitled to no relief.

Ideally, the trial court should specifically advise a defendant that a term of MSR is part of the sentence to which the defendant agreed. *People v. Mendez*, 387 Ill. App. 3d 311, 316 (2008). However, *Whitfield* requires only substantial compliance with Rule 402. *Whitfield*, 217 Ill. 2d at 195. It will often be sufficient for the trial court to mention MSR as part of a general admonition regarding the penalties authorized by law, even though the defendant is not specifically told that MSR will be part of his or her sentence. For example, in *People v. Jarrett*, 372 Ill. App. 3d 344 (2007), the defendant agreed to plead guilty to a drug offense and the State agreed, *inter alia*, to recommend a sentence not to exceed 10 years' imprisonment. After advising the defendant that the offense was a Class X felony punishable by 6 to 30 years' imprisonment, the trial court stated:

> " 'There's a possible fine up to $500,000.00. *There's what's called mandatory supervisory release, what we used to call parole, up to 3 years.* You're not eligible for probation for this offense.' " (Emphasis in original.) *Jarrett*, 372 Ill. App. 3d at 345-46.

The defendant argued that he was not informed that the total duration of his sentence—the prison term plus the MSR term—could exceed 10 years. The *Jarrett* court rejected the argument, reasoning, in part, that the trial court mentioned MSR "at the same time it addressed additional fines," so, if the defendant understood that the fine was in addition to the prison term, he also should have known that

MSR would be added to the prison term. *Jarrett*, 372 Ill. App. 3d at 352.

Similarly, in *People v. Marshall*, 381 Ill. App. 3d 724 (2008), there was no due process violation where, before accepting the defendant's guilty plea, the trial court advised him, " 'You could be fined or you could get a penitentiary sentence and have to serve a period of three years['] mandatory supervised release, which is like parole, when you get out of the penitentiary.' " *Marshall*, 381 Ill. App. 3d at 727. Courts have also rejected *Whitfield* claims where, as part of the trial court's general explanation of the possible penalties for an offense, the court stated or implied that *any* prison sentence would be followed by a term of MSR. See *People v. Thomas*, 381 Ill. App. 3d 972 (2008); *People v. Holt*, 372 Ill. App. 3d 650 (2007).

In *People v. Borst*, 372 Ill. App. 3d 331, 332 (2007), the defendant was admonished as follows before pleading guilty, pursuant to an agreement with the State, to attempted aggravated criminal sexual assault and home invasion:

> " '[TRIAL COURT]: Count [I], attempted aggravated criminal sexual assault, is a Class [1] [f]elony punishable by one to three years, I'm sorry, four to 15 years in the penitentiary. If there are aggravating factors present[,] could be 15 to 30 years. *Two years[']* *[MSR].* Up to four years on probation. Up to $25,000 fine.
>
> Count [II], home invasion, is a Class X [f]elony as charged. It's six to 30 years in the penitentiary. Could be 30 to 60 years if there are aggravating factors present. *Three years['] [MSR].* Is not probationable. And up to $25,000 fine.' " (Emphases in original.)

The *Borst* court held that the admonition made the defendant aware of MSR and was sufficient under *Whitfield* even though the trial court did not explicitly advise the defendant that MSR would be part of his sentence under the plea agreement. *Borst*, 372 Ill. App. 3d at 334; see also *People v. Santana*, 388 Ill. App. 3d 961, 964 (2009) (general admonishment to defendant that if found guilty he "could be" sentenced to a prison term "followed by" MSR did not violate *Whitfield*).

Although a general admonishment can be sufficient under *Whitfield*, this court has held that the admonishment must "link MSR to the plea." *Mendez*, 387 Ill. App. 3d at 320. In *Mendez*, we explained how the general admonition in *Borst* satisfied this requirement:

> "The trial court complied with the *Whitfield* requirement to link the MSR term to the plea, by linking MSR 'to the defendant's crime.' [Citation.] The trial court in *Borst* individually listed each count of the indictment, named the offense and the class of felony, and stated that the offense was 'punishable by' a prison term, pos-

sibly an extended term, MSR, probation (or not), and a fine. [Citation.] Thus, the *Borst* trial court's general admonition was sufficient because it was a broad statement that the defendant's prison term would be followed by MSR. What remained open for negotiation in the plea process was merely the length of the prison term." *Mendez*, 387 Ill. App. 3d at 319.

However, we expressly rejected "the proposition that the mere mention of MSR is sufficient under *Whitfield*." *Mendez*, 387 Ill. App. 3d at 320. We noted that "[t]he determination of whether an admonishment substantially complies with Rule 402 is necessarily fact specific" (*Mendez*, 387 Ill. App. 3d at 316) and hinges on "whether an ordinary person in defendant's place would have reasonably understood that MSR would be added to his sentence" (*Mendez*, 387 Ill. App. 3d at 316). The defendant in *Mendez* pleaded guilty to aggravated battery with a firearm. His agreement with the State provided that he would be sentenced to 12 years' imprisonment and that other charges would be dismissed. Before accepting the defendant's plea, the trial court advised him, " '[t]he way this was charged, it is a Class X felony, which means that its possible penalties *could have been* between six and thirty years in the Department of Corrections with three years of mandatory supervised release or what was known as parole.' " (Emphasis added.) *Mendez*, 387 Ill. App. 3d at 313. The trial court further stated, " 'Under certain circumstances you could receive an extended term sentence. That could mean between thirty and sixty years, with three years of mandatory supervised release.' " *Mendez*, 387 Ill. App. 3d at 313. Without mentioning MSR, the trial court then reiterated that the mandatory minimum sentence was six years' imprisonment. We found the remarks insufficient under *Whitfield*, reasoning, in part, as follows:

"[T]he trial court did include MSR when it stated what 'the possible penalties *could have been*' (emphasis added) and when it discussed the possibility of an extended-term sentence. Significantly, the 'could have been' language suggested that these were the possible penalties had the circumstances been other than what they were, *i.e.*, in the absence of a plea and in the event of a conviction at trial. This interpretation is especially reasonable given that defendant was told *** that the mandatory minimum sentence was six years, again, with no mention of MSR. Importantly, the reference to the mandatory minimum sentence of six years, without mention of MSR, tended to negate any possible effectiveness of the preceding general admonition on what the possible penalties could have been. In light of how the mandatory minimum sentence was explained, the general admonition on what the sentence 'could have been,' interpreted in context, reasonably would be understood

to mean that MSR is not mandatory." *Mendez*, 387 Ill. App. 3d at 316.

When considered in light of the standards developed in *Mendez*, the admonition in this case does not pass muster. In describing the maximum and minimum penalties for forgery and burglary, the trial court indicated that the minimum sentence was probation or conditional discharge; that the maximum sentence for forgery was an extended-term sentence of 10 years' imprisonment "with one year parole or [MSR]"; and that the maximum sentence for burglary was "14 years in the Illinois Department of Corrections with two years [MSR] or parole." This admonition did not link MSR to defendant's plea. Unlike the trial courts in *Thomas* and *Holt*, the trial court in this case did not state or imply that MSR would follow *any* prison term. Nor was the admonition "a broad statement that the defendant's prison term would be followed by MSR." *Mendez*, 387 Ill. App. 3d at 319 (describing the admonition in *Borst*). To the contrary, the admonition linked MSR only to the *maximum* sentences authorized by law for forgery and burglary. Just because defendant was made aware that the maximum sentences for those offenses included MSR, it does not follow that defendant understood that the same was true of the *minimum* prison terms (which he was to serve pursuant to his plea agreement). The admonition could have fostered a reasonable belief that defendant's agreement with the State did not require him to serve a term of MSR after his release from prison. Moreover, what the trial court said next—"*[t]he agreement here* is that you be ordered to serve two years, *which is the minimum term* of penitentiary sentence on the forgery, three years, *which is the minimum term* of penitentiary sentence on the burglary" (emphases added)—could have easily reinforced the idea that MSR attached only to the maximum sentences that defendant could have received absent the plea agreement.

Although the trial court did not mention MSR when reciting the terms of defendant's plea agreement, it did when pronouncing sentence. In this respect, this case differs from *Whitfield* and from *Mendez*, but the State has not argued that this distinction is of any legal significance. It bears noting that, in *Jarrett*, the court indicated that *Whitfield* "only applies where the judge failed to entirely mention MSR before taking the plea *and failed to include it in the judgment of sentence.*" (Emphasis added.) *Jarrett*, 372 Ill. App. 3d at 352. The implication is that due process is satisfied if the trial court *either* mentions MSR before taking the plea *or* includes it in the "judgment of sentence." We disagree. As seen, we have emphatically rejected the notion that the mere mention of MSR is necessarily sufficient. *Mendez*, 387 Ill. App. 3d at 320. Likewise, we reject the notion that including

MSR in a sentencing order automatically cures an error in admonishing a defendant. As stated in *Whitfield*, "there is no substantial compliance with Rule 402 and due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, *prior to accepting his plea*, that a mandatory supervised release term will be added to that sentence." (Emphasis added.) *Whitfield*, 217 Ill. 2d at 195.

█ Finally, we note that defendant's requested relief is to be allowed to withdraw his pleas, if he so chooses. The State concurs that, if we do not accept its arguments against granting defendant *Whitfield*-type relief, then the appropriate relief to extend to defendant is to allow him to withdraw his pleas. Accordingly, defendant is entitled to withdraw his pleas, if he so chooses.

Defendant also contends that the causes must be remanded because the attorney appointed to represent him in the postconviction proceedings did not comply with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). There is no constitutional right to counsel in postconviction proceedings. *People v. Bashaw*, 361 Ill. App. 3d 963, 967 (2005). However, in cases like this one, where the trial court does not summarily dismiss the petition, the Act affords indigent defendants a statutory right to counsel. *Bashaw*, 361 Ill. App. 3d at 967. "Counsel must provide 'reasonable assistance,' which includes compliance with Rule 651(c)." *Bashaw*, 361 Ill. App. 3d at 967. Rule 651(c) provides that the record on appeal must "contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c). Defendant's attorney did not file a certificate of compliance with Rule 651(c). Therefore, it is necessary to determine whether compliance can otherwise be gleaned from the record on appeal.

The record does not show that postconviction counsel consulted with defendant to ascertain his contentions. We flatly reject the State's argument that we may infer such consultation from defendant's presence at the hearing. Thus, the record does not establish compliance with Rule 651(c). This is a moot point if defendant decides to withdraw his pleas; if he does, there will be no convictions from which to seek relief under the Act. However, if defendant chooses not to withdraw his pleas, counsel must comply with the requirements of Rule 651(c), and the trial court must conduct further proceedings under the Act.

For the foregoing reasons, we reverse the judgments of the circuit

court of Du Page County and remand the causes for further proceedings. On remand, the trial court shall ascertain whether defendant wishes to withdraw his guilty pleas. If defendant does, the trial court shall permit the pleas to be withdrawn and vacate the judgments of conviction. If defendant chooses not to withdraw his guilty pleas, the trial court shall conduct further proceedings under the Act, beginning with counsel's compliance with Rule 651(c).

Reversed and remanded with directions.

BOWMAN and SCHOSTOK, JJ., concur.