No. 2-07-0229    Filed:  6-9-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03--CF--239 |
| EFRAIN J. MENDEZ, | ) ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE ZENOFF delivered the opinion of the court:

Defendant, Efrain J. Mendez, appeals from an order of the circuit court of Lake County, which summarily dismissed his pro se petition brought under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2006)).  Defendant argues that the trial court erred by dismissing his petition as frivolous and without merit, because his petition stated the gist of a constitutional claim for due process violations in conjunction with the proceedings on his negotiated guilty plea.  We initially reversed and remanded the case on November 26, 2008, having found that defendant was not sufficiently admonished regarding the imposition of mandatory supervised release (MSR).  People v. Mendez, 387 Ill. App. 3d 311 (2008).  The Illinois Supreme Court issued a supervisory order on March 24, 2010, which vacated our November 26, 2008, opinion and directed us to reconsider our decision in light of People v. Morris, 236 Ill. 2d 345 (2010).  We now affirm.

BACKGROUND

Defendant was indicted for aggravated battery with a firearm (720 ILCS 5/12--4.2(a)(1) (West 2002)), aggravated discharge of a firearm (720 ILCS 5/24--1.2(a)(1) (West 2002)), defacing identification marks on a firearm (720 ILCS 5/24--5(a) (West 2002)), and aggravated unlawful use of a weapon (720 ILCS 5/24--1.6(a)(1), (a)(3)(A) (West 2002)). Defendant entered a negotiated guilty plea on March 7, 2003. The terms of the plea agreement were that defendant would plead guilty to count I (aggravated battery with a firearm), in exchange for the State's dismissal of counts II, III, and IV and for a sentence of 12 years in the Department of Corrections. Neither the terms of the plea nor the written judgment mentioned MSR.

The following colloquy took place at the plea proceeding on March 7, 2003:

"THE COURT: Now, the agreement is that you would be sentenced to serve 12 years from [sic] the Department of Corrections and that is not at good time or day for day credit, but you have to serve 85 percent. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: You went over that with Mr. Curran [defense counsel]?

THE DEFENDANT: Yes.

THE COURT: And the remaining charges would be dismissed. Is that your under-standing?

THE DEFENDANT: Yes.

* * *

THE COURT: *** [T]he way this was charged, it is a Class X felony, which means that its possible penalties could have been between six and thirty years in the Department of

-2-

Corrections with three years of mandatory supervised release or what was known as parole. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Under certain circumstances you could receive an extended term sentence. That could mean between thirty and sixty years, with three years of mandatory supervised release. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: You cannot receive probation or conditional discharge or periodic imprisonment. That's time served in the county jail. It is a mandatory sentence of at least six years in the Department of Corrections. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Knowing what the possible penalties could have been on this charge, do you still wish to plead guilty?

THE DEFENDANT: Yes.

THE COURT: Again, Mr. Mendez, you went over all of this with Mr. Curran?

THE DEFENDANT: Yes."

Thereafter, the court explained that, by pleading guilty, defendant was waiving his right to a trial by jury. The court also determined that there was no coercion or additional promise made to defendant and that there was a factual basis to support the plea. The court then ascertained that defendant was giving up his right to a presentence investigation and full sentencing hearing, and then it added:

"THE COURT: However, when you plead guilty and agree to the 12 years you're telling me that you do not wish to have that done. You wish to proceed with the sentencing today. Is that correct?

THE DEFENDANT: Yes.

THE COURT: Sir, I will go along with this. Judgment of conviction will enter. You are sentenced to serve 12 years in the Department of Corrections and that will be served at 85 percent. You will get credit for the days you have served in the county jail."

The written sentencing order reflected the above-quoted sentencing pronouncement. It did not include any reference to MSR.

Almost four years later, on January 19, 2007, defendant filed a pro se petition for postconviction relief, alleging, inter alia, that the trial court failed to inform him that his agreed sentence included a term of MSR. Defendant stated in the petition that he had just recently discovered the MSR term, so that "any alleged issue of untimeliness [wa]s not due to defendants [sic] culpable negligence." After the trial court summarily dismissed the petition on January 31, 2007, defendant filed a timely notice of appeal on February 21, 2007.

ANALYSIS

This appeal involves the first-stage dismissal of defendant's postconviction petition. The Act provides a procedural method by which a person under a criminal sentence can challenge his conviction as being the result of a substantial denial of his rights under the Constitution of the United States, the Constitution of the State of Illinois, or both. People v. Hodges, 234 Ill. 2d 1, 9 (2009). Under the Act, the defendant files a petition in the trial court where the original proceeding was held. Hodges, 234 Ill. 2d at 9. At this first stage, the petition faces a low threshold for survival and a

defendant need present only a limited amount of detail. People v. Delton, 227 Ill. 2d 247, 254 (2008). Section 122--2.1(a)(2) of the Act provides that the trial court shall dismiss the petition if it "determines the petition is frivolous or is patently without merit." 725 ILCS 5/122--2.1(a)(2) (West 2008). Our supreme court has clarified that a petition should be found frivolous or patently without merit only if it "has no arguable basis either in law or in fact." Hodges, 234 Ill. 2d at 16. "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." Hodges, 234 Ill. 2d at 16. The trial court's dismissal of a petition at this first stage is reviewed de novo. People v. Torres, 228 Ill. 2d 382, 394 (2008).

Defendant argues that the trial court erred in dismissing his postconviction petition as frivolous or patently without merit, because his petition stated the gist of a constitutional claim. He claims that, under People v. Whitfield, 217 Ill. 2d 177 (2005), because he was not properly admonished that his prison term would be followed by a three-year term of MSR (see 730 ILCS 5/5--8--1(d)(1) (West 2002)), the imposition of MSR increases the sentence for which he bargained and, therefore, breaches his agreement with the State and violates his right to due process of law. Pursuant to Whitfield, defendant claims that the appropriate remedy is to reduce his prison term by the length of the MSR term.

Recently, in Morris, our supreme court considered the retroactive application of Whitfield to postconviction petitions. Morris involved the appeals of two defendants (James Morris and Jesse Holborow) from the appellate courts' affirmances of the trial courts' first-stage dismissals of their postconviction petitions. Morris, 236 Ill. 2d at 348. Each defendant argued that he had not received the benefit of the bargain he made with the State, because he was not sufficiently apprised that his sentence included a term of MSR. Morris, 236 Ill. 2d at 349.

The supreme court in <u>Morris</u> never reached the issue of the sufficiency of the trial courts' admonitions to the defendants under <u>Whitfield</u>. See <u>Morris</u>, 236 Ill. 2d at 355. Instead it addressed the question of whether <u>Whitfield</u> announced a new rule of law and, if so, whether retroactive application was warranted. <u>Morris</u>, 236 Ill. 2d at 355. The court determined that <u>Whitfield</u> did announce a new rule of law. <u>Morris</u>, 236 Ill. 2d at 360-61. Prior to <u>Whitfield</u>, courts found due process violations where plea agreements were not entered knowingly and voluntarily. See <u>Morris</u>, 236 Ill. 2d at 360. <u>Whitfield</u> held:

"[A]lthough substantial compliance with [Supreme Court] Rule 402 is sufficient to establish due process [citations], and an imperfect admonishment is not reversible error unless real justice has been denied or the defendant has been prejudiced by the inadequate admonishment [citation], there is no substantial compliance with Rule 402 and due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a mandatory supervised release term will be added to that sentence. In these circumstances, addition of the MSR term to the agreed-upon sentence violates due process because the sentence imposed is more onerous than the one defendant agreed to at the time of the plea hearing. Under these circumstances, the addition of the MSR constitutes an unfair breach of the plea agreement." <u>Whitfield</u>, 217 Ill. 2d at 195.

After concluding that <u>Whitfield</u> announced a new rule, the supreme court then addressed whether retroactive application of that rule was appropriate. <u>Morris</u>, 236 Ill. 2d at 361-62. Under <u>Teague v. Lane</u>, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989), a new rule of criminal procedure cannot be applied retroactively to cases on collateral review, unless (1) the new rule

legalizes primary, private individual conduct, or (2) absent the new rule, " 'the likelihood of an accurate conviction is seriously diminished.' " Morris, 236 Ill. 2d at 359, quoting Teague, 489 U.S. at 311-13, 103 L. Ed. 2d at 356-58, 109 S. Ct. at 1076-77. Determining that the rule announced in Whitfield met neither exception, the court held that retroactive application was not warranted.[1] Morris, 236 Ill. 2d at 363-64.

In Morris, because the defendants' convictions were final prior to the Whitfield decision, they were not entitled to application of its new rule. Morris, 236 Ill. 2d at 366. The court then affirmed the judgments of the appellate courts, affirming the trial courts' dismissals of the defendants' postconviction petitions. Morris, 236 Ill. 2d at 368.

In the present case, the trial court accepted defendant's guilty plea and entered judgment of conviction and sentence on March 7, 2003. Defendant took no direct appeal; therefore, his conviction was final well before the Whitfield decision in 2005. See People v. Sanders, 393 Ill. App. 3d 152, 162 (2009) (a defendant's conviction becomes final for purposes of Teague analysis when the defendant has exhausted any available direct appeal), appeal allowed, 234 Ill. 2d 545 (2009). Thus, defendant is not entitled to application of Whitfield. See Morris, 236 Ill. 2d at 366. Because defendant's entire argument on appeal is premised on Whitfield, we affirm the trial court's summary dismissal of his pro se postconviction petition. See Morris, 236 Ill. 2d at 368.

For this reason, we affirm the judgment of the circuit court of Lake County.

---

[1] The court also noted that, because Whitfield involved collateral review under the Act, the court in Whitfield should have forgone announcing the new rule there. Morris, 236 Ill. 2d at 365-66.

Affirmed.

McLAREN and SCHOSTOK, JJ., concur.